MARIE SCHMELZER, Appellant, v. CENTRAL FURNITURE COMPANY.

Division Two, June 28, 1913.

1. **RES ADJUDICATA: Transmitted Cause of Action.** If a final and valid judgment was rendered against plaintiff's husband in his suit against defendant for negligent injuries and thereafter he died, his widow cannot recover in a suit for damages caused by the alleged wrongful death of her husband by the same negligence.

2. **Death of Plaintiff Before Final Judgment of Reversal: No Revivor.** When living parties enter their appearance in court, or are brought in by process, the court then having complete jurisdiction of their persons and the cause of action, a subsequent failure to comply with the requirements of the statute, to suggest the death of one of the parties and to revive the action, does not render the judgment entered therein void, but only voidable. So that where judgment for damages was rendered for plaintiff's husband, for negligent injuries, and the defendant appealed to the St. Louis Court of Appeals, and the cause was submitted while he was yet living. and fifteen days

before a judgment was rendered reversing the judgment of the trial court, he died, and no suggestion of his death was made in said Court of Appeals and the cause was not revived in the name of his wife or other person, the judgment of reversal was not void, but only voidable.

3. ———: ———: ———: **Voidable Judgment.** A voidable judgment has all the force and effect of a valid judgment until it is set aside or reversed. So where the Court of Appeals, upon a consideration of the merits, reversed a judgment for damages in favor of plaintiff's husband, fifteen days after his death, with no suggestion of his death and no attempt to revive the same before reversal, such judgment of reversal was not void, but only voidable, and was a complete bar to the subsequent prosecution of a suit by his wife for damages for the alleged wrongful death of her husband growing out of the same injuries—the additional allegations of acts of negligence not being proven.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

AFFIRMED.

*James J. O'Donohoe* for appellant.

(1) "If the merits of the case are adjudicated and passed upon, a judgment of reversal is final; if not, it is not necessarily final." Strottman v. Railroad, 228 Mo. 154; Abbott v. Railroad, 232 Mo. 616; Gragg v. Insurance Co., 140 Mo. App. 685. The judgment of reversal in the husband's case was invalid, because at that time he was dead and human tribunals have no jurisdiction over the dead. Death stops further proceedings until the cause is revived. Murphy v. Redmond, 46 Mo. 317; Gamble v. Daugherty, 71 Mo. 599; Crawford v. Railroad, 171 Mo. 68; Voorhis v. Gamble, 6 Mo. App. 1. The decision in the husband's case is not supported by reason or authority and is in conflict with prior decisions and hence should not be treated as barring this case. Young v. Downey, 150 Mo. 317. Points were made and not passed on by the St. Louis Court of Appeals in the husband's case and consequently the decision in that case should not be

considered as a finality. Moreover, decisions of inferior courts are not binding on the Supreme Court. Sedalia to use v. Donohue, 190 Mo. 407. The court of Appeals is bound under the Constitution to follow the latest ruling of the Supreme Court. Railroad v. Crow, 137 Mo. App. 461. (2) Kraemer, who threw the timber, and plaintiff's husband worked in different departments and hence were not fellow-servants. Koerner v. Car Co., 209 Mo. 141; McMurray v. Railroad, 225 Mo. 272; Burkard v. Rope Co., 217 Mo. 466; Clark v. Iron & Foundry Co., 234 Mo. 436. Koetting, who ordered Kraemer to throw the timbers into the yard, was vice-principal, and it was his negligence that caused the injuries to Schmelzer. Fogarty v. Transfer Co., 180 Mo. 490; Bane v. Irwin, 172 Mo. 306; Foster v. Railroad, 115 Mo. 165; Russ v. Railroad, 112 Mo. 45; Rigsby v. Supply Co., 115 Mo. App. 297; Miller v. Railroad, 109 Mo. 350; Dayharsh v. Railroad, 103 Mo. 570; Donnelly v. Mining Co., 103 Mo. App. 349; Strode v. Conkey, 105 Mo. App. 399; Packet Co. v. Hill, 122 Fed. 246; Wrecking Co. v. Birney, 117 Fed. 72; Gold Min. Co. v. Muset, 114 Fed. 66; Railroad v. Ross, 112 U. S. 377; Smith v. Car & Foundry Co., 122 Mo. App. 610; Holweg v. Telephone Co., 195 Mo. 149; Haworth v. Railroad, 94 Mo. App. 224. Even if the injuries to the plaintiff's husband were caused by the negligence of Kraemer and that they were fellow-servants, yet as Kraemer was acting under the immediate direction of the vice-principal the respondent is liable. Combs v. Construction Co., 205 Mo. 367. The respondent is liable whether the injuries to and death of the plaintiff's husband were due to the foreman's negligent order to Kraemer, or in his failure to communicate necessary orders to him. Smith v. Railroad, 92 Mo. 359; Card v. Eddy, 129 Mo. 529. This is a case of negligence per se. Adams v. Hospital, 122 Mo. App. 675; Hoffman v. Walsh, 117 Mo. App. 278; Evers v. Ferry Co., 116 Mo. App. 130;

Scharff v. Construction Co., 115 Mo. App. 157; Lang v. Railroad, 115 Mo. App. 489; Raney v. Lachance, 96 Mo. App. 479; Shuler v. Railroad, 87 Mo. App. 618; Seiter v. Bischoff, 63 Mo. App. 160.

*J. Lionberger Davis* and *Jones, Hocker, Hawes & Angert* for respondent.

(1)  In the case of Frank Schmelzer against this defendant the merits of the case were adjudicated by the St. Louis Court of Appeals and the judgment of reversal was final and a bar to this action. Strottman v. Railroad, 228 Mo. 154.  (2)  The judgment of reversal in the husband's case was at most irregular, because of his death after submission but before decision but the judgment is not void or subject to collateral attack. Coleman v. McAnulty, 16 Mo. 173; State ex rel. v. Riley, 219 Mo. 685.  (3)  Kramer, who threw the board, and Schmelzer were not in different departments but were fellow-servants. Schmelzer v. Furniture Co., 134 Mo. App. 493; Parker v. Railroad, 109 Mo. 362; Koerner v. Car Co., 209 Mo. 141.  (4)  Kraemer, if negligent, was not carrying out any order. His act was merely the act of a servant, and if there was any negligence it was in the performance of a manual act, i. e., in the manner of throwing out the board. Ryan v. McCully, 123 Mo. 626; Card v. Eddy, 129 Mo. 510; Jones v. Railroad, 178 Mo. 544; Livengood v. Lead & Zinc Co., 179 Mo. 229.  (5)  Schmelzer was guilty of negligence as a matter of law. Schmelzer v. Furniture Co., 134 Mo. Mo. App. 493.

BROWN, P. J.—Action for damages caused by the alleged wrongful death of plaintiff's husband. From a judgment for defendant, plaintiff appeals.

On December 1, 1906, Frank Schmelzer, plaintiff's husband, was employed by defendant to pile

lumber and perform other labor in and about the yard of defendant's furniture factory in the city of St. Louis.

Defendant, being engaged in remodeling and repairing the fourth story of its factory found some shelving or boards which were unfit for further use, and caused one of its employees to throw said boards out of the windows of said factory. One of the boards thus thrown out struck plaintiff's husband, causing his death about two years later. The husband of plaintiff during his lifetime instituted a suit in the circuit court of St. Louis city to recover damages from defendant for the identical injury pleaded in the present action.

In the former action the plaintiff's husband recovered judgment against defendant, but upon appeal by defendant to the St. Louis Court of Appeals that judgment was reversed. [Schmelzer v. Furniture Co., 134 Mo. App. 493.]

In the case at bar (brought after the death of her husband) plaintiff has pleaded additional acts of negligence on the part of defendant not mentioned in the former case, but which additional acts of negligence are charged to have been the proximate cause of her husband's death. Upon a careful examination of the evidence in this case we find that none of said additional acts of negligence pleaded by plaintiff were proven. We further find that said St. Louis Court of Appeals heard and determined the former case upon its merits and reversed the judgment, which plaintiff's husband had recovered, on the ground that the injury received by Schmelzer was caused by the negligent act of a fellow-servant, "his own negligence concurring therein."

Among the defenses interposed by defendant in this case is the plea of *res adjudicata,* based upon the petition, answer, reply and judgment in the former action by plaintiff's husband.

Plaintiff's reply to said plea of *res adjudicata* is a general denial. No attack is made by plaintiff in her pleadings in this cause upon the sufficiency of the pleadings or judgment in the action by her husband before mentioned.

The evidence shows that the appeal in said former case was taken and duly submitted to said Court of Appeals while plaintiff's husband was yet living, but no suggestion of his death was made to said Court of Appeals, and the cause was not revived in the name of his wife or any other person before the entry of the final judgment in that action.

At the close of plaintiff's evidence the trial court directed a verdict for defendant.

I. Plaintiff concedes that if a final and valid judgment on the merits had been rendered against her husband in the former case she could not recover in this action. This is undoubtedly true. [Strode v. St. Louis Transit Co., 197 Mo. 616; Strottman v. Railroad, 228 Mo. 154.]

**Transmitted Cause of Action.**

II. Plaintiff's attorney, however insists that the judgment against her husband is void because the same was entered by the St. Louis Court of Appeals fifteen days after he died and without any suggestion of death, and without the cause being revived in the name of his widow, children or administrator. He cites: Murphy v. Redmond, 46 Mo. 317; Gamble v. Daugherty, 71 Mo. 599, and Crawford v. Railroad, 171 Mo. 68. These cases lend some color to plaintiff's insistence, but a close examination discloses the fact that in each of those actions knowledge was brought home to the court by suggestion of death, or otherwise, that the litigant had died before judgment was entered against

**Judgment Against Dead man.**

252 Mo.—2

him. Those cases are, therefore, different from the case at bar, for here there was no suggestion of Schmelzer's death. The appeal was regularly submitted during his lifetime and the Court of Apeals possessed no knowledge of his death when it determined the action and reversed his judgment.

It is true that when one of the parties to an action dies while such action is pending in an appellate court the law directs that the death of such litigant shall be suggested to the appellate court and the cause revived against his legal representative before further proceedings are had. [Sec. 2075 and 2076, R. S. 1909.] Our statutes also require the same procedure (varying only in unimportant details) upon the death of a party to an action pending in a trial court. [Art. 10, Chap. 21, R. S. 1909.] It is axiomatic that courts must acquire jurisdiction of the parties to actions before they can lawfully adjudicate the matters in controversy in such actions; and as no court can compel a dead man to answer its processes a judgment obtained against one who was dead when the action was instituted is a nullity.

The general rule, however, is that when living parties enter their appearance in court, or be brought in by process, the court then having complete jurisdiction of their persons and the cause of action, a subsequent failure to comply with the requirements of the statute does not render a judgment entered therein void, but only voidable.

In the case of Charley v. Kelley, 120 Mo. 134, a minor defendant was brought into court by an order of publication. The law then, as now, required the trial court to appoint a guardian *ad litem* for such defendant before proceeding to try the action (Sec. 1747, R. S. 1909); but in that case the court rendered judgment against said minor defendant without appointing a guardian for him, and it was held that the

judgment was only voidable and a sale under it passed the title of the minor defendant.

Mr. Freeman in his work on Judgments (4 Ed.), vol. 1, sec. 153, says:

"If an action is begun by or against living parties, over whom the court obtains jurisdiction, and some of them subsequently die, it is not thereby deprived of its jurisdiction; and while it ought not to proceed to judgment without making the representatives or successors in interest of the deceased party parties to the action, yet if it does so proceed its action is irregular merely, and its judgment is not void."

In the recent well-considered case of State ex rel. v. Riley, 219 Mo. 667, this court In Banc followed the above quoted rule of law announced by Mr. Freeman. Upon a careful review of the matter we hold that the judgment of reversal entered against plaintiff's husband by the St. Louis Court of Appeals is not void.

III. The Missouri cases before cited sustain the proposition that a voidable judgment has all the force and effect of a valid judgment until it is set aside or reversed. That rule seems to be almost universal in the American States.

Voidable Judgment.

Black in his splendid work on Judgments (2 Ed.), vol. 2, sec. 513, says:

"Where the court has jurisdiction of the subject-matter and the parties, and where jurisdiction attaches in the particular case and authorizes the particular adjudication made, its judgment, although it may be voidable for irregularities, or liable to be reversed or set aside for errors in law or fact, is binding and conclusive upon the parties until its effect is destroyed in some regular proceeding for that purpose."

We, therefore, hold that the final judgment of the St. Louis Court of Appeals reversing the judg-

ment theretofore obtained by plaintiff's husband is a bar to the prosecution of the present action, and the trial court properly directed a verdict for defendant. Its judgment is therefore affirmed.

*Faris* and *Walker, JJ.,* concur.