SIMMONS FIRST NATIONAL BANK, (Through its Vice President and Senior Trust Officer, Robert L. Hart, Jr.) Administrator of the Estate of Georgia Huchingson *v.* W.W. ABBOTT, M.D., et al.

85-99                                                           705 S.W.2d 3

Supreme Court of Arkansas
Opinion delivered March 3, 1986

*Whetstone & Whetstone*, for appellant.

*Friday, Eldredge & Clark*, by: *Laura A. Hensley*, for appellee Abbott.

*Wright, Lindsey & Jennings*, for appellee Airco, Inc.

*Stephan A. Matthews*, amicus curiae for Arkansas Association of Defense Counsel.

*Jay Thomas Youngdahl*, amicus curiae for Arkansas Trial Lawyers Association.

COMER BOYETT, JR., Special Chief Justice. This case involves statutory construction of Arkansas' Wrongful Death Act (Act 255 of Acts of Arkansas of 1957); 27 Ark. Stat. 906 *et seq.*; and jurisdiction rests in this Court under Rule 29(1)(c) and (1)(o) of the Rules of the Supreme Court.

On August 25, 1980 suit was filed for injuries to Georgia

Huchingson caused by medical negligence and wanton misconduct occurring on May 14, 1980. On March 23, 1981, a guardianship was substituted as a party plaintiff for Mrs. Huchingson, and the matter proceeded to trial, resulting in a jury verdict in favor of the guardianship on September 16, 1981 for both compensatory and punitive damages which was affirmed on appeal.[1] Mrs. Huchingson died January 30, 1982, and an estate was opened March 18, 1982. On the 5th day of May, 1984, a suit for wrongful death containing identical allegations of fault against the same defendants was filed, seeking only damages for mental anguish of the next of kin. Summary judgment was given the defendants by the trial court on the basis that the second suit was barred by res judicata.[2]

We are called upon to determine whether a suit by an injured party, reduced to final judgment, extinguishes any wrongful death claim against identical defendants based on identical allegations of fault. We hold that it does.

At common law, the rights of a tortiously injured person were extinguished by his death and American legislators have rectified this injustice by enacting, in various forms, legislation permitting suits to be brought subsequent to the death of an injured person.

We must be aware and do assume that the legislature realized that any statute which was in derogation of or at variance with the common law must be strictly construed, *Grimmett* v. *State*, 251 Ark. 270A, 476 S.W.2d 217 (1972), *Wright* v. *Wright*, 248 Ark. 105, 449 S.W.2d 952 (1970). Likewise, it will always be presumed by the Court that the legislature intended to use words in their usual and natural meaning, *Heard* v. *Payne*, 281 Ark. 485, 665 S.W.2d 865 (1984), *ASHC* v. *Mabry*, 229 Ark. 261, 315 S.W.2d 900 (1958).

The survival statutes and wrongful death statutes are based

---

[1] *Airco, Inc.* v. *Simmons First National Bank, Guardian*, 276 Ark. 486, 638 S.W.2d 600 (1982).

[2] The second suit was filed within the statute of limitations since the *incompetent died prior to the expiration of two years from the date of medical injury* and thereafter the three year period of statute of limitations came into play. See *Matthews* v. *Travelers Indemnity Company*, 245 Ark. 247, 432 S.W.2d 485 (1968).

primarily on Lord Campbell's Act, 9 and 10, Vict, c, 93, An act for compensating the families of persons killed by accidents (August 26, 1846):

> "Whereas, no action at law is now maintainable against a person who by his wrongful act, neglect or default may have caused the death of another person. . . . Be it therefore enacted. . . . That whensoever the death of a person shall be caused by a wrongful act, neglect or default, and the *act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof*, then and in every such case, the person who would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

> II. And be it enacted, That every such action shall be for the benefit of the wife, husband, parent and child of the person whose death shall have been so caused and shall be brought by and in the name of the executor or administrator of the person deceased; and in every such action the jury may give such damages as they may think proportionate to the injury resulting from such death to the parties respectively for whom and for whose benefits the action shall be brought. . .

> III. Provided, always, and be it enacted, That not more than one action shall lie for and in respect of the same subject matter of the complaint . . ." (Italics added)

A comparison of Lord Campbell's Act with that of the Arkansas Act reveals striking similarity:

> "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the *act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof*, then, and in every such case, the person who, or company, or corporation, which would have been liable if death had not ensued, shall be

liable to an action for damages, notwithstanding the death of the person injured, and although the death may have been caused under such circumstances as amount in law to a felony. The cause of action herein created shall survive the death of the person wrongfully causing the death of another and may be brought, maintained or revived against the personal representatives of the persons wrongfully causing the death of another." (Italics Added)

The Act then states that an action shall be brought in the name of a personal representative of the deceased person or by the heirs at law, and in discussing damages mentions recovery for pecuniary injuries and loss of consortium. Additionally, mental anguish is listed as an element of damage to the spouse and next of kin.

Lord Campbell's act specifically stated that not more than one action would lie for and in respect of the same subject matter of the complaint. This gives credence to the theory that if there has been an action on the subject matter of the complaint, i.e. in this case on the medical negligence and wanton conduct, then there cannot be a second suit regarding the same subject matter.

The vast majority of other jurisdictions having legislation containing the identical language of the Arkansas Act including the phrase "if death had not ensued", have held that the settlement by the injured party or a suit reduced to judgment during the lifetime of the injured party barred a subsequent suit by the next of kin or other beneficiaries because of res judicata. See ALABAMA: *Woodward Iron Co.* v. *Craig*, 256 Ala. 37, 53 So. 2d 586 (1951); ARIZONA: *Walrod* v. *Southern Pacific Co.*, 447 F2d 930 (9th Cir. 1971); CONNECTICUT: *Kling* v. *Torello*, 87 Conn. 301, 87 A. 987 (1913); DELAWARE: *Perry* v. *Philadelphia, B. & W. R. Co.*, 24 Del. 399, 77 A. 725 (1910); FLORIDA: *Variety Children's Hospital* v. *Perkins*, 445 So. 2d 1010 (Fla. 1983); ILLINOIS: *Fountas* v. *Breed*, 118 Ill. App. 3d 669, 74 Ill. Dec. 170, 455 N.E.2d 200 (1983); INDIANA: *Superintendents of Poor* v. *Superintendents of Poor*, 141 Mich. 667, 104 N.W. 978 (1905); KENTUCKY: *Perry's Adm'r.* v. *Louisville & N. R. Co.*, 199 Ky. 396, 251 S.W. 202, 39 ALR 560 (1923); MISSISSIPPI: *Harris* v. *Illinois C. R. Co.*, 111 Miss. 623, 71 So. 878 (1916); MISSOURI: *Schmelzer* v. *Central*

*Furniture Co.*, 252 Mo. 12, 158 S.W. 353 (1913); NEW YORK: *Kelliher* v. *New York C. & H. RR. Co.*, 212 N. Y. 207, 105 N.E. 824 (1914); NORTH CAROLINA: *Edwards* v. *Interstate Chemical Corp.*, 170 N.C. 551, 87 S. E. 635 (1916); PENNSYL-VANIA: *McCafferty* v. *Pennsylvania R. Co.*, 193 Pa. 339, 44 A. 435 (1899); SOUTH CAROLINA: *Price* v. *Richmond & D. R. Co.*, 33 S. C. 556, 12 S.E. 413 (1890); TEXAS: *St. Louis S. R. Co.* v. *Hengst*, 36 Tex. Civ. App. 217, 81 S.W. 832 (1904); VERMONT: *Legg* v. *Britton*, 64 Vt. 652, 24 A. 1016 (1892); VIRGINIA: *Virginia Electric & Power Co.* v. *Decatur*, 173 Va. 153, 3 S.E.2d 172 (1939); WASHINGTON: *Frescoln* v. *Puget Sound Traction, Light & Power Co.*, 225 F. 44 (D. C. Wash. 1915); WYOMING: *Parsons* v. *Roussalis*, 488 P.2d 1050 (Wyo. 1971).

An early Federal case, *Hicks* v. *Missouri Pacific Railroad Company*, 181 F. Supp. 648 (W. D. Ark. 1960), App. Dis. 285 F. 2d 427 (8th Cir. 1960), held that the wrongful death action was derivative in nature from the original tort, and that since the statute of limitations had run on any tort action for the injured party prior to his death, that defense could be imposed in the wrongful death action; the complaint was dismissed. This inter-pretation of Arkansas law by the Federal court was reinforced by *Matthews* v. *Travelers Indemnity Insurance Company*, 245 Ark. 247, 432 S.W.2d 485 (1968). In that case, a patient allegedly received negligent medical care in January of 1965, which resulted in her death in November of 1965. A wrongful death and survival claim was filed in June of 1967 and we dismissed all claims for physical injury and mental anguish suffered by the decedent before death because the suit was not filed within two years of the alleged wrongful act, the medical malpractice statute of limitations being two years. However, we did permit the wrongful death claim since the statute of limitations for the malpractice action had not run at the time of the decedent's death, thus bringing into play the three year statute of limitations for a wrongful death suit. Without question, a defense of limitations which would have been available against the injured person has been allowed in a suit brought on his behalf by his estate.

In *Matthews* v. *Travelers Indemnity Insurance Company, supra*, our opinion contained persuasive dicta which touches upon

the problem at issue:

> "We are not overlooking the argument that the Administrator's action for wrongful death is to some extent derivative, in that it may be extinguished either by a suit for personal injuries prosecuted by the injured person to a final judgment during his lifetime . . . or by the running of applicable statute of limitations during the injured person's lifetime . . ."

We hold that the reduction to final judgment of Mrs. Huchingson's claim for bodily injuries extinguishes any wrongful death claim by her next of kin that her bodily injuries subsequently caused her death, and the action of the trial court is affirmed.

Affirmed.

HOLT, C.J., and PURTLE, J., not participating.