Kie D. Hall, Executive Director Arkansas Public Employees Retirement System One State Capitol Mall Little Rock, AR 72201-1015
Dear Mr. Hall:
This is in response to your request for an opinion on the following specific questions:
 1. Would the investment by APERS in the Helena Port Authority taxable bond issue qualify as an Arkansas related investment under the statute considering the fact that a portion of the proceeds will be used to purchase GNMA mortgage-backed securities? It is our understanding that the System itself would not own the GNMAs but would only own the Helena Port Authority Taxable Bond Issue.
 2. In relation to the language in the statute, "not more than 10% of the portfolio," regarding the securities that we now consider to be Arkansas related investments, if APERS should purchase the full $50 million of the Helena Port Authority taxable bond issue — if in fact it is determined to be an Arkansas related investment — when added to the current holdings our percentage would exceed 10%. Therefore, the question is, does the "not more than 10% of the portfolio" preclude us from investing more than 10% if the Board so chooses?
 3. Is there a way to legally define, specifically, what is considered an Arkansas related investment under Arkansas Statute 24-3-414?
You note in your correspondence that the Arkansas Public Employees Retirement System ("APERS" or "System") has been approached by the Helena Port Authority with respect to the System's investment in a $50 million bond issue.
It is my opinion that the answer to your first question is yes. Section 4 of Act 412 of 1985 amended Section 7 of Act 793 of 1977 to add the following subsection:
 7.14. ARKANSAS RELATED INVESTMENTS. In acquiring, investing, reinvesting, exchanging, retaining, selling and managing funds held by each of the Arkansas public employee retirement systems fiduciaries administering said systems shall, when appropriate investment alternatives are available, manage such funds so as to favorably impact the economic condition of, and maximize capital investment in, the State of Arkansas. It is the intention of the General Assembly that as assets become available for investment the systems shall seek to invest not less than five percent (5%) nor more than ten percent (10%) of their portfolio in Arkansas related investments. In calculating percentage of Arkansas related investments the systems shall not include Federal National Mortgage Association investments nor Governmental National Mortgage Association investments. Nothing in this section shall in any way limit or impair responsibility of a fiduciary to invest in accordance with the prudent investor rule set forth in Subsection 7.11 of this Section.
See Ark. Stat. Ann. 12-3307.14 (Cum. Supp. 1985). While the General Assembly has not offered a definition of the phrase "Arkansas related investments," it is reasonable to conclude in this instance that APERS' investment in the Helena Port Authority qualifies under the Act. If presented with this question, a court would in all likelihood seek to determine whether the economic condition of Arkansas is favorably impacted by the investment, and whether the investment contributes to the goal of maximizing capital investment in the State. The plain language of Section 4 of Act 412 compels this determination. Section 5 of the Act is also significant in this regard wherein reference is made to the annual audit prepared by the Division of Legislative Audit, and the requirement that it contain, inter alia, "a list of investments made during the year audited that favorably impact the economic condition and capital investment in the State of Arkansas." See Ark. Stat. Ann. 12-3308(a) (Cum. Supp. 1985). Your second question relates to the following language of the Act:
 It is the intention of the General Assembly that as assets become available for investment the systems shall seek to invest not less than five percent (5%) nor more than ten percent (10%) of their portfolio in Arkansas related investments.
Ark. Stat. Ann. 12-3307.14.
You have asked whether this language precludes the System from investing more than 10% if the Board so chooses. The Legislature has expressed its intent for the System to "seek to invest not . . . more than ten percent (10%) . . . in Arkansas related investments." (Emphasis added.) The language of the Act is therefore clear, and it will be presumed that the Legislature employed words in their usual and common meaning. Simmons First National Bank v. Abbott, 288 Ark. 304, 705 S.W.2d 3 (1986). It cannot be stated, based upon this language, that APERS is precluded from exceeding the ten percent (10%) figure. As noted in Opinion Number 87-153, a copy of which is attached hereto, the "Arkansas related investments" provision appears to be a goal rather than a requirement. While efforts in this regard must be made, consistent with the expressed legislative intent, the prudent investor rule will nevertheless supercede the Arkansas related investment goal. See Opinion No. 87-153.
It must be noted in response to your final question that the Attorney General, as a member of the Executive Department, cannot provide a controlling definition of a term where the Legislature has elected not to provide one. It may be concluded that the language of Act 412 of 1985 offers some guidance wherein reference is made, under Section 4 (codified as 12-3307.14) as to what is meant by favorably impacting the economic condition of, and maximizing capital investment in, the State. Similar language appears in Section 5, which is codified as 12-3308(a). However, a final determination in this regard can only be made on a case by case basis, particularly in the absence of judicial precedent or other similar legislative enactments.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.