The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, Arkansas 72201-1094
Dear Mr. McCuen:
This is in response to your request for an opinion on the following questions:
 1.) What is the meaning of the term `sufficiency' as used in Arkansas Code Annotated 7-9-111 and in Amendment 7 to the Constitution of Arkansas as it relates to the responsibility of the Secretary of State to determine the sufficiency of initiative and referendum petitions?
 2.) Does a determination of the sufficiency of a petition include a determination of the validity of the affidavit of the canvasser and the certificate of the notary public?
 3.) If the answer to the second question is yes, what procedure should be followed by the Secretary of State in determining the validity of the affidavit to the petition and the notary certificate on the petition?
As noted in your request, the term "sufficiency" as it appears in Amendment 7 and in enabling legislation passed pursuant thereto has not been defined by the legislature or under our Constitution. However, it will always be presumed that the legislature employed words in their usual and common meaning. Simmons First Nat. Bank v. Abbott, 288 Ark. 304, 705 S.W.2d 3 (1986). Thus, the first rule in interpreting the meaning of a statute is to construe it just as it reads, giving words their ordinary and usually accepted meaning in common usage. Bolden v. Watt, 290 Ark. 343, 719 S.W.2d 428
(1986). This rule also applies to questions involving the interpretation of constitutional provisions. Morley v. Remmel,215 Ark. 434, 221 S.W.2d 51 (1949).
Webster's Seventh New Collegiate Dictionary defines the word "sufficient" as "enough to meet the needs of a situation or a proposed end." Webster's at 878 (1972 Ed.). The "situation" or "proposed end" in this instance revolves around Amendment 7 to the Constitution of Arkansas. Thus, in response to your first question, the Secretary of State's "sufficiency" review relates to his duty and responsibility to determine whether a proposed measure falls within the terms of Amendment 7 and its enabling legislation.
Amendment 7 sets forth certain procedural prerequisites which must be met, including specified filing periods and publication requirements, as well as provisions relating to the requisite percentage of legal voters. Petitions must include the full text of the measure proposed. See Amend. 7 and A.C.A. 7-9-106. The title to be used on an initiative petition ballot must be submitted with the petition. Id. Specific procedural requirements with respect to the ballot title and popular name have been promulgated as part of enabling legislation as well. A.C.A. 7-9-106. The title to be used on an initiative petition ballot must be submitted with the petition. Id. Specific procedural requirements with respect to the ballot title and popular name have been promulgated as part of enabling legislation as well. A.C.A. 7-9-107, see, Washburn v. Hall, 225 Ark. 868,286 S.W.2d 494 (1956). Provisions governing the form of initiative and referendum petitions are found in A.C.A. 7-9-104
and 7-9-105, respectively. Procedures for the circulation of petitions are found in A.C.A. 7-9-108. This Code provision echoes requirements found in Amendment 7 with respect to the number of counties from which petitions must be filed and the affidavits of persons circulating petitions. (See Attorney General Opinion Numbers 88-243 and 88-195 in this regard.)
The term "sufficiency" in this instance therefore relates to the foregoing constitutional and statutory requirements. If the established procedures have been followed and the requisite number of signatures have been gathered, the petition may be deemed sufficient. The people have charged the Secretary of State with the duty and responsibility to make this determination. The determination may be based upon all of the facts and circumstances surrounding each proposed measure.
Your second question involves the canvasser's affidavit. The answer to this question, generally, yes. Amendment 7 mandates the attachment of the affidavit to each part of the petition. See also A.C.A. 7-9-108. The Arkansas Supreme Court has stated the following with respect to this aspect of Amendment 7:
 This provision, as to the effect to be given the affidavit of the circulator, has been several times interpreted to mean that the circulator's affidavit is given prima facie verity.
Sturdy v. Hall, 201 Ark. 38, 43, 143 S.W.2d 547 (1940). The Court went on to point out in that case, however, that this presumption is not conclusive. Id. And cases may be cited wherein canvassers' affidavits, though presumptively valid, have been rejected under particular factual scenarios. See, e.g., Sturdy v. Hall, supra [false affidavit where names were placed on petition by canvasser and not signed by persons whose names appeared]; Parks v. Taylor,283 Ark. 486, 678 S.W.2d 766 (1984) [false affidavit where signatures not executed in presence of canvasser.]
It is thus apparent that the Secretary of State's review extends to the affidavit of the canvasser and, necessarily, the execution of the affidavit. Prima facie validity may attach. However, the Secretary of State may also consider all facts and circumstances in determining whether the circulator has truthfully made the affidavit.
In response to your final question, we are aware of no established procedure in this regard. It may be concluded, consistent with the Secretary of State's power and duty under Amendment 7 to decide the sufficiency of all State-wide petitions "in the first instance", that sole authority for formulating and implementing such a procedure cannot be delegated to another office. It seems, however, that the Secretary of State's powers and duties as the State elections official would extend to employing additional personnel as needed, within the confines of the budget, to implement a procedure in this regard.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.