The Honorable Dan Dane Prosecuting Attorney P.O. Box 987 Forrest City, AR 72335
Dear Mr. Dane:
This is in response to Deputy Prosecuting Attorney L. Ashley Higgins' request for an opinion on the following questions:
 1. Is an elective position on a local board of a community college a political office as described in A.C.A. 14-51-202(b)? 2. If such a position is a political office, may the individual continue to hold either or both of the two offices? 3. If the individual may hold only one of the two offices, which is the proper office for him to continue to hold?
In my opinion the answer to your first question is "no." This conclusion is based upon the language of A.C.A. 14-51-202(b), in the absence of case law on point.
Section 14-51-202(b)(1) states: No person on the (civil service) commission shall hold, or be a candidate for, any POLITICAL OFFICE UNDER ANY NATIONAL, STATE, COUNTY, OR MUNICIPAL GOVERNMENT or be connected in any way in any official capacity with any political party or organization. (Emphasis added.)
While this office has previously opined that community colleges are to be considered agencies of the state for various purposes (Attorney General Opinion Numbers 89-002, 86-160, 78-9, 77-16), we have also concluded that the board of a community college is a local, not a state, board. (A.G. Op. No. 89-E-5).* Thus, a position on the board would not constitute an office under state government. ___________. * It was concluded in Opinion Number 89-E-5 that a community college board member is not an "appointee to any state board or commission" for purposes of the financial disclosure requirements under Initiated Act 1 of 1988. These persons would, however, be covered under Act 719 of 1989, which amends the 1988 Initiated Act to require disclosure by persons holding "an elective office of any governmental body." Acts of 1989, No. 719, 1. The definition of "governmental body" would include such board members through the reference to any "board . . . of the executive, judicial, or legislative branch of . . . any political district." Id. ___________.
Nor, in my opinion, is this office "under any . . . county or municipal government." In construing the language of14-51-202(b)(2), it must be presumed that the legislature employed words in their usual and common meaning. Simmons First Nat. Bank. v. Abbot [Abbott], 288 Ark. 304, 705 S.W.2d 3 (1986). While it may be successfully contended in this instance that a position on a local community college board constitutes a "political" office,** I believe that the office is more appropriately under the particular DISTRICT whose electors determine the board's membership, and not under any county or city. The district boundaries may or may not coincide with the boundaries of any county or city. See A.C.A.6-61-510 and 6-61-515. The board members must be residents and qualified electors of the DISTRICT, and they are elected by the qualified electors of the DISTRICT (although the required majority must also include a majority of the electors voting in each county or city included within the district). A.C.A. 6-61-510 and6-61-515. These factors compel the conclusion that a position on the community college board, in which board is vested the local control of the college (A.C.A. 6-61-520(a)), constitutes an office under the community college district rather than under "any . . . county or municipal government" for purposes of A.C.A.14-51-202(b)(1). ___________. ** In determining whether the office of city councilman constituted a political position, the New Mexico Supreme Court reviewed dictionary definitions and concluded that the relevant meaning was those offices filled by popular election or pertaining to candidacy. State ex rel. Gonzales v. Manzagol, 87 N.M. 230, 531 P.2d 1203 (1975). ___________.
A response to your other two questions is unnecessary, in light of the foregoing.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
cc: The Honorable L. Ashley Higgins Deputy Prosecuting Attorney