Mr. Kie D. Hall Executive Director Arkansas State Police Retirement System One State Capitol Mall Little Rock, AR 72201-1015
Dear Mr. Hall:
This is in response to your request for an opinion regarding Act 529 of 1989, which amended A.C.A. 24-6-216 to extend survivor benefits to, inter alia, an unmarried child "under the age of twenty-two (22) years while enrolled in an institution of higher education", where the surviving spouse dies or remarries or is otherwise ineligible for a pension.
Your question in this regard is whether the child can be paid a survivor benefit during a period of time when he or she is over the age of eighteen and is enrolled in an institution of higher education, to begin attendance at the earliest time the school schedule will permit. Your question pertains to the period between enrollment and attendance.
It is my opinion that the child should be paid the survivor benefit during this time period.
Section 24-6-216 (Supp. 1989), as amended by Act 529 of 1989, states in pertinent part as follows under subsection (c)(1):
 In the event a retirant dies and does not leave a spouse eligible for a pension as provided for in this section, or in the event the surviving spouse dies or remarries and the pension provided for in subsection (a) of this section is terminated, and there is surviving the retirant an unmarried child under the age of eighteen (18) years or under the age of twenty-two (22) years while enrolled in an institution of higher education, each such child shall receive a pension of an equal share of seventy-five percent (75%) of the retirant's pension . . . [Emphasis added.]
We must always presume that the legislature employed words in their usual and common meaning. Simmons First National Bank v. Abbott, 288 Ark. 304, 705 S.W.2d 3 (1986). It is also well-established that legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its face. Mourot v. Ark. Bd. of Dispensing Opticians, 285 Ark. 128,685 S.W.2d 502 (1985).
Applying these precepts to 24-6-216 (Supp. 1989), it must be concluded that survivor benefits should be paid during the time that a child under age twenty-two is "enrolled" in an institution of higher education, notwithstanding the fact that he or she will actually begin attendance at the earliest time the school schedule will permit, and thus is not yet attending the institution. The term "enroll" is defined in Webster's Seventh New Collegiate Dictionary 276 (1972) as "to insert, register, or enter in a list, catalog, or roll." It is clear, therefore, that the word itself does not necessarily connote attendance. Nor does the legislation, when read as a whole, suggest that the benefit is to be paid only upon attendance. Section 24-6-216 refers throughout to enrollment in the institution. See also A.C.A. 24-6-217 and24-6-218 (Supp. 1989).
The Board of Trustees may, in accordance with A.C.A.24-6-216(d)(2) (Supp. 1989), establish a means of verifying such enrollment.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
Steve Clark Attorney General
[1] This assumes that the institution falls within A.C.A.24-6-216(d)(1) (Supp. 1987), which defines "an institution of higher education" for purposes of this provision as "any public university, college, community college, and any nonpublicly supported not-for-profit college or university".