Ms. Debra Norton, Director State Board of Cosmetology 1515 West 7th Street-Room 400 Little Rock, AR 72201-3988
Dear Ms. Norton:
This is in response to your request for an opinion regarding the Cosmetology Act ("Act") which is codified as A.C.A. 17-23-101 et seq. You have asked, specifically, to what extent a person is exempt from compliance with the Act pursuant to Section17-23-103(c), which states:
 This chapter does not prohibit the recommendation, demonstration, administration, or sale of cosmetics by any person not claiming to be a cosmetician.
The first rule in determining the meaning of a statute is to construe it just as it reads, giving words their ordinary and usually accepted meaning in common usage. Bolden v. Watt,290 Ark. 343, 719 S.W.2d 428 (1986). It will always be presumed that the legislature employed words in their usual and common meaning. Simmons First Nat. Bank v Abbott, 288 Ark. 304, 705 S.W.2d 3
(1986).
Reference may thus reasonably be made in this instance to Webster's Dictionary in construing the phrase "recommendation, demonstration, administration, or sale of cosmetics" under A.C.A.17-23-103(c).
"Recommendation" is "the act of recommending", and the term "recommend" in Webster's means:
"1 a: to present as worthy of acceptance or trial
 b: to urge the fitness of. . . ." Webster's Seventh New Collegiate Dictionary 715 (1972). "Demonstration" is defined as
"1: an outward expression or display
 2: an act, process, or means of demonstrating to the intelligence. . .
 b: a showing to a prospective buyer of the merits of a product. . . ." Webster's at 220. "Administration" is the act or process of administering", and the definition of "administer" includes:
1: to superintend the execution, use or conduct of
2a: to mete out: DISPENSE
b: to give ritually
c: to give remedially. . . .
Id. at 12.
It is my opinion that a court would in all likelihood look to these definitions in determining the extent of the exemption under Section 17-23-103(c). This provision appears to focus upon the presentation, promotion, or sale of cosmetics. While this process may in some instances involve practices which would otherwise constitute the art of cosmetology, Section 17-23-103(c) reflects legislative intent in favor of an exception where one recommends, demonstrates, administers, or sells cosmetics and does not claim to be a cosmetician. In my opinion, application of the exemption requires a determination that any cosmetological practices employed are incidental to the "recommendation, demonstration, administration, or sale of cosmetics." See definitions above. This will, or course, be a factual matter, to be decided in each instance with reference to all pertinent facts and circumstances.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] The definitional section of the Act states that the "art of cosmetology" includes, inter alia, "[m]assaging, cleaning, or stimulating the scalp, face, neck, arms, bust, or upper part of the human body. . . . with or without the use of cosmetic preparations. . . ." (A.C.A. 17-23-102(b)(2)), and "[b]eautifying the face, neck, arm, bust or upper part of the human body, by use of cosmetic preparations. . . ." A.C.A. 17-23-102(b)(3).