The Honorable Bill Mills State Representative P.O. Box 1378 Searcy, AR 72143
Dear Representative Mills:
This is in response to your request for an opinion regarding A.C.A. § 27-37-306 (Cum. Supp. 1991). Your questions involve the following language under subsection (a) of this Code section:
 It shall be unlawful to operate a vehicle on the public highways if after-market tinting material, together with striping material, has been applied to any windows of the vehicle or if letters or logos larger than one-fourth inch (1/4") have been applied to the windows of the vehicle.
Your specific questions are as follows:
 1. What does 1/4" mean?
 (a)Width?
 (b)Height?
 (c)Both?
 2. Which windows are affected?
It is my opinion, in response to your first question, that the phrase "larger than one-fourth inch (1/4")" must be construed to mean both height and width. It is well established that in construing legislative enactments, it will always be presumed that the legislature employed words in their usual and common meaning. See Simmons First Natl. Bank v. Abbott,288 Ark. 304, 705 S.W.2d 3 (1986); Bolden v. Watt, 290 Ark. 343,719 S.W.2d 428 (1986). It is equally well established that legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its face. Wilcox v.Safley Constr. Co., 298 Ark. 159, S.W.2d (1989).
Reference to Webster's Seventh New Collegiate Dictionary (1972) offers guidance in determining the meaning of the term "larger" as it appears in § 27-37-306(a). Webster's states that the term "large" ". . . is likely to be preferred when the dimensions, extent, capacity, or quantity is being considered." Id. at 475. In this instance, it appears that the use of the term for purposes of conveying the required dimensions is the most reasonable construction. It is therefore my opinion that the language in question refers to both height and width.
With regard to your second question, I believe that the reference to "the windows of the vehicle" encompasses all of the windows. The "letters or logos" provision immediately follows the prohibition against "after-market tinting material" and "striping material," which extends to "any windows of the vehicle." There is no suggestion of a distinction between "any windows" and "the windows." It is also significant to note that the following subsection (b) appears to include all of the vehicle windows in the authorized exceptions to the after-market tinting prohibition. These exceptions are introduced by the phrase "[a]fter-market tinting of vehicle windows shall be lawful only as follows. . . ." (Emphasis added.) When construed together, subsections (a) and (b) appear to include all windows in their reference to "any windows," "the windows" and "vehicle windows."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh