The Honorable Steve Bell State Senator P.O. Box 4282 Batesville, AR 72503
Dear Senator Bell:
This is in response to your request for an opinion regarding A.C.A. § 12-10-310 (1987), which is part of the Arkansas Public Safety Communications Act of 1985. The specific question posed is whether the legislature intended live recording under §12-10-310(a), due to the reference therein to the use of a magnetic tape.
It is my opinion, based upon a reading of this Code section as a whole, that the legislature intended for the recording to be a sound recording. Section 12-10-310 states:
 (a) The 911 public communication center shall develop and maintain a system for recording 911 calls received at the public safety answering pont [sic] (PSAP). A magnetic tape will satisfy this requirement.
 (b) The records shall be retained for a period of at least thirty-one (31) days from the date of the call and shall include the following information:
 (1) Date and time the call was received;
 (2) The nature of the problem;
 (3) Action taken by 911 public safety communication center personnel.
The definition of the verb "record" in Webster's Seventh NewCollegiate Dictionary (1972) includes: "to cause (as sound) to be registered (as on a phonograph disc) in reproducible form."Webster's, at 716. Although "record" can also mean "to register permanently" or "to set down in writing," the reference in Section 12-10-310 to a "magnetic tape" suggests that the legislature envisioned a system whereby sound is recorded. A "magnetic tape" is "a ribbon of thin paper or plastic coated for use in magnetic recording." Webster's at 508. "Magnetic recording" is defined as "the process of recording sound, data (as for a computer), or a television program by producing varying local megnetization of a moving tape, wire, or disc." Id.
It is presumed that the legislature employed words in their usual and common meaning. Simmons First Nat. Bank v. Abbott,288 Ark. 304, 705 S.W.2d 3 (1986). The legislature's statement in Section12-10-310 that "[a] magnetic tape will satisfy [the recording] requirement" infers the elimination of any method that does not record sound.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh