The Honorable Joe E. Yates State Senator 1812 Clark Bentonville, AR 72712
Dear Senator Yates:
This is in response to your request for an opinion concerning traffic laws set out at A.C.A. § 27-52-107 (1987) as they relate to left-hand turns at intersections with traffic lights.
You state in your letter that normally a person turning left at an intersection with a traffic light will pull into an intersection with the traffic light green, and wait for an opening in traffic to turn left. Once traffic is clear, the person will proceed with his left turn. If the light turns yellow before there is an opening in traffic, he will usually wait until the oncoming traffic stops for the yellow light and the way is clear and then proceed to complete the left turn. You also state that it has been reported to you that some law enforcement agencies interpret § 27-52-107 to require a driver, turning under a yellow light, to be clear of the intersection completely before the light turns to red. Unless the driver's car has completely exited the intersection, he may be ticketed with a violation of the traffic laws; and further, the car's rear bumper must be completely clear of the intersection before it can be considered to be out of the intersection. Your specific questions are as follows:
 1. Is a car turning left at an intersection under a yellow traffic light, but which changes to red before it exits the intersection with its rear bumper, considered to be `crossing the intersection' under the language found in A.C.A. § 27-52-107(a)(2)(A)?
 2. Is it a ticketable traffic offense for a car to turn left under a `yellow' traffic light, but which changes to `red' before it exits the intersection?
 3. In order for the car to be completely across or out of the intersection, must every portion (e.g.,
the rear bumper) of the automobile be clear of the intersection?
It is my opinion that the answer to your first question is "yes." A vehicle turning left at an intersection under a yellow traffic light which changes to red before the vehicle's rear bumper exits the intersection is considered to be "crossing the intersection" pursuant to A.C.A. § 27-52-107(a)(2)(A).
Arkansas Code of 1987 Annotated § 27-52-107(a)(2)(A) states:
 (2) Steady yellow alone means: (A) Vehicular traffic facing the signal is warned that the red or `STOP' signal will be exhibited immediately thereafter, and vehicular traffic shall not enter or be crossing the intersection when the red or `STOP' signal is exhibited[.]
Pursuant to the language of § 27-52-107(a)(2)(A), a vehicle may not be "crossing the intersection" when the light turns red. Arkansas Code Annotated § 27-49-206 (1987) defines "intersection" as:
 [T]he area embraced within the prolongation or connection of the lateral curb lines, or if none, then the lateral boundary lines of the roadways of two (2) highways which join one another at, or approximately at, right angles, or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict.
The term "crossing" is not defined in the Arkansas Code and while this office does not possess the authority to legislate a definition, the Arkansas Supreme Court has held that it is presumed that the legislature employed words in their usual and common meaning. Bolden v. Watt, 290 Ark. 343, 719 S.W.2d 428
(1986); Simmons First National Bank v. Abbott, 288 Ark. 304,705 S.W.2d 3 (1986). Black's Law Dictionary 338 (5th ed. 1979) defines "cross" as "to pass or extend from one side to the other." Webster's New World Dictionary 331, 12 (3d college ed. 1988) defines "crossing" as "the act of passing across"; while "across" means "on or to the other side of; over; through." It is my opinion that a court might reasonably look to these definitions in construing the meaning of the term "crossing the intersection." Based on the statutory definition provided for the term "intersecton," along with the commonly used definition of the term "crossing," it can thus be inferred that the legislative intent of the language employed in § 27-52-107(a)(2)(A) with regard to "[Y]ellow . . . means . . . vehicular traffic shall not . . . be crossing the intersection when the red . . . signal is exhibited" was to provide that the entire vehicle shall have passed completely through the intersection to the other side by the time a yellow light turns to red.
In my opinion the answer to your second question is also "yes." The driver of a vehicle may be ticketed for turning left under a yellow traffic light if the light changes to red before the vehicle exits the intersection. As set out in the answer to your previous question, it appears that a car must be completely through an intersection before it may no longer be considered to be "crossing the intersection" in violation of the provisions of A.C.A. § 27-5-107(a)(2)(A). Arkansas Code Annotated § 27-52-202
(1987) states that "[a]ny person violating the provisions of this subchapter shall be guilty of a misdemeanor." See also A.C.A. § 27-49-104 (1987). It is thus my opinion that if a person drives a vehicle under a yellow light and does not cross through the intersection before the light turns red, it is a ticketable offense in violation of A.C.A. § 27-52-107(a)(2)(A).
With regard to your third question, as I stated in response to your first question, it is my opinion that every portion of a vehicle must be completely across or out of the intersection in order for the vehicle to be no longer "crossing the intersection." See A.C.A. § 27-49-206, supra, regarding definition of "intersection." To the extent questions remain regarding the definition of "crossed," legislative clarification may be indicated.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh