The Honorable Brent Haltom Prosecuting Attorney 218 E. 2nd Street South P.O. Box 8 Prescott, AR 71857
Dear Mr. Haltom:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101—107 (Repl. 1992). Your question stems from a request, pursuant to the FOIA, to examine and copy a defendant's file maintained by a deputy prosecutor in your office. You state that the file contains a copy of a letter written by a state senator in regard to the defendant. You state further that the senator has indicated he felt the letter was not subject to disclosure under the FOIA based on the fact that it was his "work product." While you have not indicated whether the remainder of the file has been made available for public inspection, you do state that you have not yet released the senator's letter. Your specific questions are as follows:
 1. Is [the senator's] letter, being a part of the case files in my deputy's office, a `public record' as defined by A.C.A. § 25-19-103(1)?
 2. And, if so, is the letter excepted from disclosure pursuant to A.C.A. § 25-19-105(b)(7) since it is correspondence from a member of the General Assembly?
It is my opinion that the answer to your first question is "yes." The letter maintained in the office of the deputy prosecuting attorney is a public record.
With regard to this issue, A.C.A. § 25-19-103(1) states:
 `Public records' means writings, recorded sounds, films, tapes, or data compilations in any form, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are
or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records. [Emphasis added.]
It is my opinion that the letter in the deputy prosecutor's file falls within the statutory definition of public records as set out at § 25-19-103(1).
With regard to your second question, it is my opinion that the answer is "no." The letter is not exempt from disclosure based on the exception set out at A.C.A. § 25-19-105(b)(7) for unpublished correspondence of a member of the General Assembly.
Section 25-19-105 provides in pertinent part that:
 (b) It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
* * *
 (7) Unpublished . . . correspondence of . . . members of the General Assembly[.]
The Arkansas Supreme Court has committed to the proposition that the FOIA should be broadly construed in favor of disclosure and exceptions are construed narrowly in order to counterbalance the self-protective interests of the governmental bureaucracy.McCambridge v. City of Little Rock, 298 Ark. 219,766 S.W.2d 909 (1989); Arkansas Gazette Co. v. Southern State college,273 Ark. 248, 620 S.W.2d 258 (1981).
While there are apparently no cases in Arkansas interpreting the term "unpublished" as used in the context of § 25-19-105(b)(7), it is presumed that the legislature employed words in their usual and common meaning. Bolden v. Watt, 290 Ark. 343,719 S.W.2d 428 (1986); Simmons First National Bank v. Abbott,288 Ark. 304, 705 S.W.2d 3 (1986). Black's Law Dictionary 1109 (5th ed. 1979) defines "publish" as "to issue; to put into circulation."Webster's New World Dictionary 1087 (3d college ed. 1988) defines "publish" as "to make publicly known; announce, proclaim, divulge or promulgate." It is my opinion that a court might reasonably look to these definitions in construing the meaning of the term "unpublished." It can thus be inferred that the legislative intent of the language employed in § 25-19-105(b)(7) was to provide that only that correspondence which has not been issued, put into circulation, or made publicly known is exempt from public inspection and copying under the FOIA. Once correspondence is published, the exemption no longer applies. Accordingly, it is my opinion that, with respect to your specific question, once the senator's letter was issued to the deputy prosecuting attorney, it was published and the exemption is no longer applicable.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh