The Honorable LeRoy Dangeau State Representative 1105 Killough Road North Wynne, AR 72396-2456
Dear Representative Dangeau:
I am writing in response to your request for an opinion concerning the constitutionality of Senate Bill 216 of the 2003 regular legislative session, which is entitled "An Act to Authorize the Trial and Appellate Courts to Order Certain Cases to Mediation[.]"
RESPONSE
It is my opinion that SB 216 is constitutional. Although this bill authorizes a court to order mediation, according to my review the parties are not required to resolve their dispute in mediation and are still entitled to a judicial resolution if mediation is not successful.
This bill amends A.C.A. § 16-7-202, which is part of the subchapter that addresses "dispute resolution processes." See § 16-7-201(1) (Rep. 1999) (stating that such processes include "negotiation, mediation, conciliation, arbitration, private judging, moderated settlement conferences, med-arb, fact finding, mini-trials, and summary jury trials[.]") Currently, § 16-7-202 vests courts with the authority, and makes it their duty, to encourage settlement by advising that cases be referred to dispute resolution. A.C.A. § 16-7-202(a) (Repl. 1999). SB 216 amends this Code section to authorize the trial and appellate courts toorder certain cases to mediation. In addition to amending slightly the language of § 16-7-202(a) regarding the courts' advising the referral of a case or controversy to dispute resolution, SB 216 adds the following provisions to § 16-7-202:
 (b) In addition, all trial and appellate courts of this state are vested with the authority to order any civil, juvenile, except juvenile delinquency, probate or domestic relations case or controversy pending before them to mediation.
(c) If a case or controversy is ordered to mediation, the parties may:
 (1) Choose an appropriate mediator from a roster provided by the Arkansas Alternative Dispute Resolution Commission of those mediators who meet the commission's requirement guidelines for the type of case; or
 (2) Select a mediator not on the commission's roster, if approved by the court;
 (d) A party may move to dispense with the order to mediate for good cause shown.
Former subsection (b) remains unchanged and is redesignated as subsection (e). It provides:
 All courts are further granted the discretionary authority to make, at the request of a party, appropriate orders to confirm and enforce the results produced by such dispute resolution process.
The constitutionality of SB 216 turns on the legislature's intent in vesting the courts with authority to "order [cases] to mediation." The term "mediation" is not defined in A.C.A. § 16-7-201 et seq., or in any other statute according to my research. As commonly understood, "mediation" means "[i]ntervention; interposition; the act of a third person intermediating between two contending parties with a view to persuading them to adjust or settle their dispute. Settlement of dispute by action of intermediary (neutral party)." Black's Law Dictionary 885 (5th ed. 1979). This usual and common meaning of the term will apply, in the absence of any alternative indication of legislative intent. Seegenerally Simmons First National Bank v. Abbott, 288 Ark. 304,705 S.W.2d 3 (1986). The constitutional question that arises, in my view, is whether in ordering a case to mediation pursuant to SB 216, a court is directing the parties to settle their dispute out of court. If the bill must be so interpreted, it would be assailable on several constitutional grounds, including denial of due process (Ark. Const. art. 2, § 8), denial of the right to a trial by jury (Ark. Const. art.2, § 7), and violation of the so-called "open courts" provision (Ark. Const. art. 2., § 13). See alsogenerally St. L.I.M. S. Ry. v. Williams, 49 Ark. 492, 498, 5 S.W. 883
(1887) (stating that "[t]he Legislature has no power to substitute boards of arbitration for the courts, without the consent of parties, and make their awards obligatory. . . ."), cited in Grimmett v. Digby,267 Ark. 192, 589 S.W.2d 579 (1979).
Senate Bill 216 is somewhat ambiguous in not explicitly providing that the parties are not compelled to reach an agreement when their case is ordered to mediation. In my opinion, however, the bill allows the court to order mediation, but does not authorize the court to order the parties to come to a resolution of their dispute in mediation. A basic tenet of statutory construction is that statutes are presumed constitutional and the burden of proving otherwise is on the challenger of the statute. Fordv. Keith, 338 Ark. 487, 996 S.W.2d 20 (1999. A statute must be construed as constitutional if possible; and it will be presumed that the General Assembly, in enacting it, possessed the full knowledge of the constitutional scope of its powers, full knowledge of prior legislation on the same subject, and full knowledge of judicial decisions under preexisting law. Bunch v. State, 344 Ark. 730, 736, 43 S.W.3d 132 (2001). Additionally, particular provisions of a statute must be construed with reference to the statute as a whole. State v. Brown, 283 Ark. 304,675 S.W.2d 822 (1984).
Applying these precepts to SB 216, I interpret the bill as authorizing the courts to order cases to mediation for the purpose of encouraging, but not compelling, settlement. I believe this is reflected, initially, by the fact that the authority established in § 16-7-202 (b) by SB 216 is "in addition" (see § 16-7-202 (b), supra) to the existing referral authority in § 16-7-202 (a), which states, as amended by SB 216:
 It is the duty of all trial and appellate courts of this state, and they are hereby vested with the authority, to encourage the settlement of cases and controversies pending before them by suggesting the referral of the case or controversy to an appropriate dispute resolution process agreeable to the parties. . . . [Emphasis added.]
In my opinion, subsection (b) may reasonably be construed with reference to the statute as a whole as providing the courts with an additional means of meeting the duty to "encourage the settlement of cases and controversies." I believe this intent may also be gleaned from the specific conferral of authority to choose mediators from the Arkansas Alternative Dispute Resolution Commission's ("Commission") roster. It is clear from the guidelines developed by the Commission for these mediators that no agreement is imposed through mediation.[1] See Requirements forthe Conduct of Mediation and Mediators (effective April 13, 2001) (hereinafter "Requirements.") The guidelines define "mediation" as:
 a dispute settlement process in which a neutral third party assists disputing parties in reaching a mutually acceptable agreement. The mediator may suggest alternatives, but does not create an agreement for, or impose an agreement on, the parties. Mediation is a non-adversarial process in which the objective is the encouragement and the facilitation of a mutually acceptable agreement base on the parties self-determined needs, interests, and values.
Requirements at 1.
According to the guidelines, an agreement is encouraged and facilitated, but not compelled. Id. at 2, 4, and 5 (regarding the mediator's role). All settlement decisions, including substantive decisions made during mediation, are made voluntarily by the parties under this process. Id. at 4.
Although SB 216 authorizes the parties, with the court's approval, to select mediators who are not on the Commission's roster (see § 16-7-202
(c) (2), supra), it is my opinion that the legislature cannot reasonably be presumed to have contemplated different guiding principles for such mediators. Accordingly, when a case is ordered to "mediation" pursuant to SB 216, inherent in this process is the assumption that a settlement may not be reached because any settlement decision must be made voluntarily, free of any coercion or influence by the mediator. Requirements at 1. This leads to the conclusion that ordering a dispute to mediation is not the equivalent of compelling a resolution, and that SB 216 does not confer any authority on the courts to order the resolution of cases out of court. While I am uncertain what is meant, precisely, by the court's authority to "confirm and enforce the results produced" by mediation (see A.C.A. § 16-7-202 (e), supra), I do not interpret this to mean that mediation will necessarily produce an agreement.
Because SB 216 compels referral of a dispute to mediation, but not its resolution, I conclude that the bill is constitutional. As stated by one court, "[a] court cannot force the disputants to peaceably resolve their differences, but it can compel them to sit down with each other." Deckerv. Lindsay, 824 S.W.2d 247 (Tx.Ct.App. 1992).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] The Commission was created under A.C.A. § 16-7-101 et seq. with the authority, inter alia, to develop "guidelines . . . and standard procedures for mediation, and other forms of alternative dispute resolution[.]" A.C.A. § 16-7-104 (4) (Repl. 1999).