The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, AR 72201-1094
Dear Mr. McCuen:
This is in response to your request for an opinion concerning the application of Acts 251, 252, and 253 of 1959 which provided certain registration requirements for charitable organizations. The five questions you have posed will be answered below in the order presented. Acts 251 and 253 of 1959 have been codified respectively as A.C.A. 4-28-401, et seq., and 17-34-101, et seq. Act 252 of 1959 has been repealed.
QUESTION 1. What factors should be considered in determining what constitutes a charitable organization under the acts?
ANSWER: Section 4-28-401 defines a charitable organization as "any benevolent, philanthropic, patriotic, or eleemosynary person, or one purporting to be such." The first rule of statutory construction is to construe a statute just as it reads, giving words their ordinary and usually accepted meaning in common usage. Bolden v. Watt, 290 Ark. 343, 719 S.W.2d 428 (1986). With the exception of the word "patriotic" the words employed by the legislature to define charitable organizations are virtually synonymous with the word charitable. As such, they offer little guidance as to the definition of the term. Charity is defined as:
 A gift for, or institution engaged in public benevolent purposes. A gift for benefit of an indefinite number of persons under the influence of religion or education, relief from disease, assisting people to establish themselves in life, or erecting or maintaining public works. [citation omitted].
Black's Law Dictionary 213, (5th Ed. 1979).
The meaning of "benevolent" is described by Black's Law Dictionary wherein it is stated:
 This word, as applies to objects or purposes, may refer to those which are in their nature charitable and may also have a broader meaning and include objects and purposes not charitable in the legal sense of that word . . . But where the word is used in connection with other words explanatory of its meaning, and indicating the intent of the donor to limit it to purposes strictly charitable, it has been held to be synonymous with, or equivalent to `charitable'.
"Eleemosynary" is, according to Black's Law Dictionary, synonymous with charitable, as is "philanthropic". Webster's Seventh New Collegiate Dictionary, (1972). It must therefore be concluded that the legislature, through its use of synonyms to define charitable organizations, intended the subsection to apply to organizations which are in a legal sense "charitable". The word "patriotic" appears to refer to a separate type of organization. It is likely, however, that the legislature intended that this type of organization have "charitable" tendencies as well.
Relevant factors to consider in determining whether an organization is charitable include whether it is operated for the benefit of an indefinite number of persons. A gift for the benefit or aid of defined persons is not in general a public charity, but a private trust. 14 C.J.S. 2. Additionally, it is important to determine whether the organization operates "without hope or expectation, if not with positive abnegation, of gain or profit. . ." Black's, supra at 213. The concept of a "charitable organization" does not lend itself to well defined guidelines and as such must be addressed on a case by case basis.
QUESTION 2: Who has the responsibility to classify a person, group, etc. as a charitable organization?
ANSWER: Initially, this responsibility rests with the Secretary of State. Ultimately, this responsibility rests in a court, whose duty it is to interpret statutory provisions. From a practical standpoint, if organizations which are "charitable" fail to comply with the registration requirements of 4-28-401, et seq., and cannot be encouraged by the Secretary of State to so comply, the enforcement mechanisms of the act should be utilized, and a definitive ruling by a court obtained.
QUESTION 3. Upon receipt of complaints about such organizations, what actions should this office take?
Under Arkansas law the responsibility for investigation of charitable organizations falls in one of two places. As regards the requirement of registration of charitable organizations and the criminal sanctions for violation of those requirements, the responsibility lies with the prosecuting attorney. A.C.A.4-28-403. As regards the unlawful solicitation practices of charitable organizations the responsibility lies with the Attorney General. A.C.A. 4-88-109, 110. Any complaints received by the Secretary of State about these practices should thus be forwarded to the Consumer Protection Division within the office of the Attorney General.
QUESTION 4: What are the exact responsibilities of the Secretary of State under these acts?
ANSWER: The responsibility of the Secretary of State is to keep and maintain the records and information required by the acts; to refer consumer complaints of deceptive solicitation practices to the office of the Attorney General; and presumably to report any known violation of the registration requirements to the prosecuting attorney.
QUESTION 5: Does the definition of charitable organizations include Colleges, Universities, Government sponsored programs, concerts or plays which proceeds are donate; donations to cover medical costs etc. . . .?
ANSWER: As noted above, the determination of which organizations listed above are "charitable" must be made on a case by case basis, bearing in mind the factors discussed under Question 1, supra. With respect to educational institutions, however, clearer guidelines exist, and generally, are as follows:
 In general, whether or not an institution of learning is or is not charitable, depends upon whether it is carried on for public benefit or private gain; and the fact that a particular institution is supported in whole or in part by voluntary contributions indicates that it is a charitable corporation. . . So, an educational institution which is established and endowed or supported by private charity and is not operated for the purpose of gain but in the interest of humanity is, in general a charitable institution. The eleemosynary or charitable character of an educational institution is not destroyed by the fact that it makes a charge for tuition, and the payment of tuition by its students does not prevent their being considered beneficiaries of the charity. The controlling purpose must be the common and public benefit in order to constitute a corporation conducting an institution of learning a public charity, and such a corporation is not a public charity if it was created by the incorporators or has been administered by the successors for the purpose of making money notwithstanding it may at times have expended money for purposes, or rendered gratuitous services, which in common speech are called charitable. An incorporated institution of learning which is founded as a private corporation is not a public corporation, notwithstanding it is conducted as a general or public charity in accordance with its purpose. 14 C.J.S. Charities 2(d) [footnotes omitted].
It is therefore apparent that at least some educational institutions can be "charitable organizations". Relevant Arkansas case law, however, does not exist.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.