The Honorable Hoye D. Horn State Representative P.O. Box 64 Foreman, AR 71836
Dear Representative Horn:
This is in response to your request for an opinion regarding Act 631 of 1989 which imposes an additional court cost in connection with felony and misdemeanor possession of a controlled or counterfeit substance under A.C.A. 5-64-401(c). You have asked, specifically, whether the additional cost is to be assessed in circuit court cases, or whether it only applies to municipal cases.
It is my opinion that Act 631 imposes this additional $50.00 court cost in both circuit and municipal court cases. Section 1 (a) of the act states: Any person who pleads guilty or nolo contendere or is found guilty of possessing a controlled substance under Arkansas Code 5-64-401 (c) shall pay, as an additional court cost, in the sum of fifty dollars ($50.00).
This provision makes no distinction with regard to the court in which the plea or finding of guilt is entered. And it is well-established that the first rule in determining the meaning of a legislative enactment is to construe it just as it reads, giving words their ordinary and usually accepted meaning in common usage. Bolden v. Watt, 290 Ark. 343, 719 S.W.2d 428 (1986).
The confusion apparently stems from subsection (b) of the act which, under subparagraphs (1) and (2), provides for a deposit into either the municipal or county treasury, depending upon whether the case is a municipal or a county case. Although these subparagraphs do refer only to the municipal court, it should be noted that the introductory portion of subparagraph (b) requires the monthly remittance of the funds by the "county treasurer or municipal treasurer" to the Department of Finance and Administration. This language further suggests that the court cost is assessed in circuit as well as municipal court.
The language under subparagraph (3) of subsection (b) with regard to"[a]ll remaining funds" must therefore be read to encompass not only funds remaining after deposits generated from municipal court cases, but also those amounts collected in circuit court. No provision is made for the county or city's direct receipt of these funds which will, instead, be applied toward the Crime Information System.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.