Jewell BOLDEN, James DALTON, & Jerry PALMER
*v.* Vicki WATT, et al. & the City of Little Rock

86-90                                                       719 S.W.2d 428

Supreme Court of Arkansas
Opinion delivered November 17, 1986

*Walter G. Riddick, III*, for appellants.

*Mark Stodola*, City Att'y, by: *Thomas M. Carpenter*, Asst. City Att'y, for appellees.

JOHN I. PURTLE, Justice. The appellants were denied permits to operate taxicabs in the City of Little Rock. They filed suit in the circuit court alleging that the city ordinance relied on to deny them permits was unconstitutional and void under Article 12, Section 4 of the Arkansas Constitution, and Ark. Stat. Ann. § 71-2601 et seq. (Repl. 1979). The trial court upheld the ordinance and dismissed the complaint. We find that the trial court was correct in upholding the ordinance.

The facts are not in dispute. The appellants were denied permits to drive taxicabs in the City of Little Rock pursuant to ordinance 23-7(e)(6). This ordinance prohibits the issuance of a

taxicab driver's permit to any person convicted of driving while under the influence of intoxicating liquor within the past three years. Also, the city is given discretion to withhold permits for an additional two years.

This case is resolved through an understanding of two Arkansas statutes. The first is Ark. Stat. Ann. § 19-3513 (Repl. 1980), (part of Act 213 of 1939), and the second is § 71-2601 et seq., (Act 280 of 1973). If these statutes are not in conflict, then there is no violation of Article 12, Section 4 of the Arkansas Constitution, which prohibits cities from enacting local laws contrary to state statute. We find the statutes compatible for the reasons stated below.

In pertinent part Ark. Stat. Ann. § 19-3513 declares:

> Cities . . . are hereby vested within their respective corporate limits with the exclusive power and authority to permit, regulate and control by ordinance the business and operation of motor driven taxicabs over or upon the streets and public ways of said respective municipalities. . . .

The Little Rock ordinance in question would give us no trouble were it not for Ark. Stat. Ann. § 71-2601 et seq., which states in part as follows:

> It is the policy of the State of Arkansas to encourage and contribute to the rehabilitation of criminal offenders and to assist them in the assumption of the responsibilities of citizenship. The public is best protected when such offenders are given the opportunity to secure employment or to engage in a meaningful trade, occupation or profession. . . .
>
> § 71-2602(b). The following criminal records shall not be used, distributed or disseminated in connection with an application for a registration, license, or certificate: . . .
>
> (3) Misdemeanor convictions.
>
> . . .
>
> § 71-2605. This Act shall cover any Board, Commission, Department or Agency, or any other body that deals in licensing [or] regulating a profession, trade or occupation

in the State of Arkansas.

We have no hesitancy in holding that the provisions of A.S.A. § 71-2601 et seq. apply to the City of Little Rock. However, we also view the two statutes as compatible.

█ █ The first rule in considering the meaning of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *City of North Little Rock* v. *Montgomery*, 261 Ark. 16, 546 S.W.2d 154 (1977). If statutes relate to the same general subject matter, each one must be read in a manner harmonious with the other, if possible. *Sargent* v. *Cole*, 269 Ark. 121, 598 S.W.2d 749 (1980). All acts passed upon the same subject are *in pari materia* and must be construed together and made to stand if capable of being reconciled. *Vandiver* v. *Washington County*, 274 Ark. 561, 628 S.W.2d 1 (1982).

█ Arkansas Statute § 71-2601 et seq. applies to the State of Arkansas and any political subdivisions thereof. The purpose of the legislation is to encourage the rehabilitation of individuals who have been convicted of a crime. The legislation by its own language covers any state agency or any other body that deals in licensing or regulating a profession, trade or occupation in the State of Arkansas. When Act 280 of 1973 was passed by the General Assembly, Act 213 of 1939 had been in the statutes for about 35 years and cities had been regulating the business and operation of taxicabs during this entire period. The legislature is presumed to have known of a prior statute on the same subject. *Town of Benton* v. *Willis*, 76 Ark. 443, 88 S.W. 1000 (1905).

█ █ When there are two statutes on the same subject the courts should give effect to both, if possible. *Louisiana Oil Refining Co.* v. *Rainwater*, 183 Ark. 482, 37 S.W.2d 96 (1931). We find that it is possible to read these statutes together and to give effect to both. The general statute, Ark. Stat. Ann. § 71-2601 et seq., states a broad policy of rehabilitating those who have been convicted of a crime. However, we must presume that the legislature was aware of the specific statute providing for municipal regulation of the taxicab business when the general rehabilitation statute was passed in 1973.

█ We do not blindly follow the exact words of a statute

without considering its purpose. In using this basic common sense approach and giving each statute its obvious intended meaning, we find that the statutes in question can be reconciled. Driving a taxicab after having been convicted of DWI is quite different from driving a taxicab after having been convicted of stealing something to eat. The public safety and welfare are sound reasons for holding taxi drivers to a higher degree of accountability than the ordinary automobile driver. On the other hand, a person who has a DWI conviction may perform well as a maintenance worker. Therefore, the rehabilitation statute still benefits those who have DWI convictions even though this specific ordinance may prevent them from obtaining a particular job because of the direct connection between the nature of the conviction and the job. The general statute did not attempt to give a person a right to a particular job.

Affirmed.