The Honorable Richard Barclay State Representative 212 South Third Street P. O. Box 279 Rogers, Arkansas 72757
Dear Representative Barclay:
This is in response to your request for an opinion on the following question:
 Under Act 576 of 1987, are circuit clerks required to search their records and provide self-service storage facility operators with the names and addresses of holders of liens or security interests on the personal property which the operators desire to sell to enforce their lien?
Act 576 provides that the operator of a self-service storage facility has a lien on all personal property stored within the leased space for rent, labor, and other charges and expenses reasonably incurred in the enforcement of the lien. Section 4(B)(3) of Act 576 provides in pertinent part:
 (B) Before [enforcing the lien by] conducting a sale under Subsection (A), the operator shall: (3) Contact the circuit clerk in the county where the personal property is stored to determine the name and address of any holder of liens or security interests in the personal property being sold. The owner shall notify by certified mail return receipt requested each such holder of a lien or security interest of the time and place of the proposed sale at least ten (10) days prior to conducting such sale.
The first rule in considering the meaning of a statute is to construe it just as it reads, giving words their ordinary and usually accepted meaning in common language. Bolden v. Watt,290 Ark. 343, 719 S.W.2d 428 (1986). The language of Section 4(B)(3) simply requires the operator of a storage facility to contact the circuit clerk in order to determine names and addresses of lienholders. The language on its face does not require a record search by the circuit clerk to determine such information.
In construing the section as it reads, however, it is reasonable to conclude that this provision requires the circuit clerk to make the necessary records available to the operator of a self-service storage facility. This conclusion is, moreover, mandated by the State Freedom of Information Act ("FOIA"). In the absence of a clearer indication of the clerk's obligations in this regard, a court would likely defer to the provisions of the FOIA governing the examination and copying of public records. Ark. Stat. Ann. 12-2804 (Repl. 1979) states that public records "shall be open to inspection and copying," and that "[r]easonable access to public records and reasonable comforts and facilities for the full exercise of the right to inspect and copy such records shall not be denied to any citizen."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.