The Honorable Pat Ellis State Representative Route 6 Box 83 Clinton, Arkansas 72031
Dear Representative Ellis:
This is in response to your request for an opinion regarding Ark. Stat. Ann. 13-901 et seq. (Repl. 1979). You have asked the following specific questions:
 1. Does the term "bonds of the United States" as defines in Ark. Stat. Ann. 13-902 include mutual funds which invest exclusively in securities backed by the full faith and credit of the United States?
 2. Does the term "bonds of the United States" as defined in Ark. Stat. Ann. 13-902 include securities issued by, among others, the Farmers Home Administration, the Government National Mortgage Association, and the Department of Housing and Urban Development?
 3. Would investment by cities, counties, and other political subdivisions in mutual funds such as the Alliance Bond Fund U.S. Government Portfolio by authorized by Ark. Stat. Ann. 13-901 et seq.
It must be concluded that the answer to your first question is no. It is my opinion that the phrase "bonds of the United States" appearing in 13-902 (Repl. 1979) cannot be read to include mutual funds investing exclusively in securities backed by the full faith and credit of the United States. 13-901 permits county treasurers, with approval of county courts, to convert idle funds "into bonds of the United States of America." In answering your question, it is necessary to distinguish between a conversion of funds which occurs as a result of a direct investment of funds into bonds of the United States and one which occurs as a result of investment in a mutual fund.
A "mutual fund" is defined as an investment company that raises money by selling its own stock to the public and investing the proceeds in other securities, with the value of its stock fluctuating with its experience with the securities in its portfolio. Black's Law Dictionary 9.20 (5th ed. 1979). 13-901 authorizes the investment of county funds "into bonds of the United States." The language used in the statute permits county treasurers to convert county funds into the bonds themselves. By definition, an investment in mutual funds cannot be construed as a direct investment in the securities offered by the portfolio of the investment company. This conclusion is also reinforced by the fact that a court will construe a statute just as it reads, giving words their ordinary and usually accepted meaning in common usage. Bolden v. Watt, 290 Ark. 343, 719 S.W.2d 428 (1986).
With regard to your second question, it cannot be conclusively stated that "bonds of the United States" include securities issued by the Farmers Home Administration, the Government National Mortgage Association, and the Department of Housing and Urban Development. We find no authority to support the general proposition that securities issued by these entities qualify as "bonds of the United States" as that phrase is defined under 13-902. A definitive answer to this question would necessitate examination of the particular instrumentality issuing the security in order to determine if such security is a direct obligation of the United States or an obligation the principal and interest on which are fully guaranteed by the United States. While it is conceivably that certain securities offered by the Farmer's Home Administration, the Government National Mortgage Association, and the Department of Housing and Urban Development could fall within this definition of "bonds of the United States," such a conclusion could only be reached upon a review of the individual security involved.
The answer to your third question is no, based upon the rationale presented in response to question number one (1). As was previously noted, Ark. Stat. Ann. 13-901 may be reasonably construed to permit only the direct investment of funds into bonds of the United States. As previously stated, an investment in a mutual fund may be distinguished from an investment into the securities offered by the investment company's portfolio. It should be noted in this regard that the resolution of the Arkansas State Bank Department permitting the investment by banks into mutual funds pursuant to Ark. Stat. Ann. 67-501.1(o) (Repl. 1980) is inapplicable to the investment of public funds under 13-901. 67-501.1(o) regulates and authorizes the particular activities which banks are permitted to engage in and cannot be construed to modify or affect investment decisions of cities, counties and other political subdivisions pursuant to 13-901.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.