The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, AR 71611
Dear Senator Bradford:
This is in response to your request for an opinion regarding Act 729 of 1987, which is codified at Arkansas Code of 1987 Annotated15-12-101, et seq. (Supp. 1987). You have asked, specifically, whether a state agency that owns a conservation easement may apply for a grant from the Arkansas Natural and Cultural Resources Council ("Council") pursuant to this Act. You note that the conservation easement includes, inter alia, preservation and facade easements.
A.C.A. 15-12-103(b) states in pertinent part as follows under subsection (1)(A):
 Eighty percent (80%) of the net amount shall be credited to the Arkansas Natural and Cultural Resources Grants and Trust Fund, to be preserved and managed by the Arkansas Natural and Cultural Resources Council for use in the acquisition, management, and stewardship of state-owned lands or the preservation of state-owned historic sites, buildings, structures, or objects which the council determines to be of value for recreation or conservation purposes, with the properties to be used, preserved, and conserved for the benefit of this and future generations.
Of additional relevance to your inquiry is A.C.A.15-12-103(b)(1)(I), which states:
 As used in this section, the term "stewardship" shall include moneys necessary for the maintenance, preservation, operation, improvement, and management of state-owned lands acquired for recreational or conservational purposes and shall include such other stewardship purposes as may be authorized by the Arkansas Natural and Cultural Resources Council.
While the Attorney General, as a member of the Executive Department, cannot provide a controlling definition of a term where the Legislature has elected not to provide one, it is my opinion that the term "state-owned lands" as it appears in15-12-103(b)(1)(A) may reasonably be construed to support the appropriateness of a grant application in this instance. The term "land," as defined in Black's Law Dictionary, Fifth Edition, may include ". . . any estate or interest in lands, either legal or equitable, as well as easements and incorporeal hereditaments." It therefore appears that this term can be read to include an interest such as an easement.
This conclusion is further reinforced by other legislative enactments establishing state agencies' authority to acquire property for historic preservation purposes. A.C.A. 13-7-106, in setting forth the powers and duties of the Arkansas Historic Preservation Program, states in pertinent part as follows under subsection (c)(1) and (3):
 (c)(1) The Arkansas Historic Preservation Program is authorized to acquire in the name of the State sites, buildings, and objects of historical value of gift, purchase or otherwise.
* * *
 (3) The interest in any land authorized to be acquired by this subchapter may be fee simple or any lesser interest as determined by the State Historic Preservation Officer with the advice of the State Review Committee to be reasonably necessary to accomplish the purpose of this subchapter.
It is well-established that the Legislature is presumed to intend for the provisions of alter acts to be read in light of provisions of the former relating to the state subject. Hopper v Fagan,151 Ark. 428, 236 S.W. 820 (1922); Bolden v. Watt, 290 Ark. 343,719 S.W.2d 428 (1986). In this instance, prior legislation on the subject of historic preservation supports the conclusion that "state-owned lands" may include a lesser interest," such as an easement.
A.C.A. 15-12-103(b) provides for the Council's preservation and management of the Arkansas Natural and Cultural Resources Grants and Trust Fund, for use in the "stewardship" of state-owned lands. According to the above-cited definition contained in subsection (1)(I), the term "stewardship" includes moneys necessary for the "maintenance, preservation, operation, improvement, and management of state-owned lands." And, perhaps more significantly, the term included "such other stewardship purposes as may be authorized by the . . . Council." 15-12-103(b)(1)(I). The Council is authorized under 15-12-103(b)(1)(B) to make grants to state agencies in this regard.
These "stewardship purposes" could, reasonably, include the use and enforcement of an easement for preservation purposes. It is therefore my opinion, in response to your question, that the Council may consider a grant request under A.C.A. 15-12-101, et seq. (Supp. 1987) involving a state-owned conservation easement.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General