The Honorable Gordon Webb Prosecuting Attorney Fourteenth Judicial District 509 South Main Mountain Home, AR 72653
Dear Mr. Webb:
This is in response to Deputy Prosecuting Attorney Gary Isbell's request for an opinion on whether a branch of the county library may legally charge community college students a user fee of three ($3.00) per credit hour to use the library.
It is my opinion that the charging of such a fee is in all likelihood unlawful.
Arkansas Code Annotated 13-2-401 et seq. governs the establishment of county libraries. Section 13-2-401(a) provides:
 (a) The county courts of the several counties shall have the power and authority to establish, maintain, and operate COUNTY FREE LIBRARIES in the manner and with the functions prescribed in this subchapter, and counties may appropriate money for these purposes. (Emphasis added)
It appears that this is the only provision of Arkansas law which contains the requirement that county libraries be "free."* As can be seen from the statute, authority is granted to establish "county free libraries." Our inquiry is whether the legislature's use of the term "county free libraries" precludes the charging of a user fee by a county library (or in this case by a branch thereof). Research reveals no Arkansas or other state case law precisely on point. It does reveal, however, two Attorney General opinions from other states — one from Maryland and one from California. See Opinion of the Attorney General of Maryland No. 87-057, and 61 Opinions of the California Attorney General 512 (1978). Each of these opinions concludes that a fee may not be charged by the county free library to persons wishing to avail themselves of traditional "library service." Each opinion also notes, however, that the concept of county free libraries would not preclude the charging of a fee for ancillary library conveniences such as copying, typewriters, computers and for the rental of audio-visual equipment.
We are impressed with the reasoning of these opinions, and feel that the analysis and conclusion of each is also applicable and correct as pertains to Arkansas law. The legislature has authorized the establishment of county "free" libraries. The first rule in construing the meaning of a statute is to construe it just as it reads, giving words their ordinary and usually accepted meaning in common usage. Bolden v. Watt, 290 Ark. 343,719 S.W.2d 428 (1986). The term "free" has been defined as meaning "available to all citizens alike without charge." Black's Law Dictionary, (5th Ed. 1979) at page 597. It is my opinion that this definition precludes a branch of the county library from charging a user fee to students of a community college.** Such a charge would not render the library "available to all citizens alike without charge."
Additionally, the Maryland Attorney General Opinion analogizes the concept of free libraries to the concept of free schools in determining which library services may be subject to a user charge. The opinion notes that the basic provision of education may not be subject to a charge, but that extracurricular activities such as dances, special events, etc., may involve student charges. In this regard, it should be noted that the Arkansas Supreme Court has held that our concept of free schools prohibits the imposition of a "registration fee." Dowell v. School District No. 1, Boone County, 220 Ark. 828, 250 S.W.2d 127
(1952). It is my opinion that a "user fee" imposed by the county library branch may similarly not be legally collected.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
* Amendment 38 to the Arkansas Constitution does not address the issue.
** It should be noted, however, that this opinion does not address the charging of a fee to students by a COMMUNITY college or other COLLEGE library. It only addresses such a charge by a COUNTY FREE LIBRARY.