The Honorable William H. Townsend State Representative 1304 Wright Avenue Little Rock, AR 72206
Dear Representative Townsend:
This is in response to your request for an opinion on several questions involving Act 907 of 1989 which is entitled "An act to permit cities with a management form of government to select the method to choose the board of directors and mayor; and for other purposes." According to the facts outlined in your request, these questions pertain to a city currently operating under a city manager form of government that wishes to change its form of representation from all at-large to all wards, to directly elect the Mayor, to expand the board of directors from seven to eight wards and a Mayor (nine total), and to allow compensation of the Mayor and directors.
Your specific questions are as follows:
 1. Can the question of expansion be included in a petition calling for the changes in representation? If not, must the expansion be accomplished by ordinance of the Board alone or can it be done by separate initiated ordinance?
 2. Assuming the question of expansion can be included in a petition calling for the other changes, is the following appropriate language for the proposition as it would appear on a petition and on the ballot under Act 907 of 1989:
 FOR, a city manager government with a board of directors composed of eight (8) directors and a Mayor. The eight (8) directors shall be elected from single member districts. The Mayor shall be directly elected at-large. The mayor and board of directors may be compensated.
 3. Assuming the above language is correct, is the following a clear and fully representative ballot title?
TO AMEND THE FORM OF REPRESENTATION IN THE CITY MANAGER FORM OF GOVERNMENT IN LITTLE ROCK, ARKANSAS TO DIRECTLY ELECT A MAYOR, TO ESTABLISH EIGHT SINGLE MEMBER DISTRICTS FOR CITY DIRECTORS, AND TO ALLOW THE MAYOR AND BOARD TO BE COMPENSATED.
A review of Act 907 of 1989 compels the conclusion that the answer to the first part of your first question is "no", with respect to a petition filed under that act for the reorganization of a city currently utilizing the management form of government.[1] This conclusion is based upon an interpretation of the act, since we do not yet have the benefit of case law construing these provisions.
The petition process for special elections under Act 907 is set forth under Section 11 thereof. A review of this section fails to yield any provision for the petition's inclusion of a change in the size of the board of directors. The introductory portion of Section 11 states in pertinent part that ". . . OPTIONS PROVIDED BY THIS ACT shall be voted on at special elections called as a result of a petition for the special election being filed with the City Clerk and provided to the Mayor." (Emphasis added). Subsection (a) of Section 11 then states in part: "A petition that calls for an election on one particular option for selecting members of the board of directors using the form of the question outlined in Section 13 (b) of this Act, shall be filed with the City Clerk, and provided to the Mayor."
This language indicates that Act 907 generally authorizes a petition for a special election on one of the options presented by the act. These options, which all focus on the methods of selecting directors, are outlined under Section 5 of the act. They do not include a change in the size of the board of directors. It must be concluded that the legislature only envisioned a change in the manner of selecting directors, or the Mayor, or both, as a result of the petition provided for under Act 907. SEE ALSO Section 11 (e) of Act 907 of 1989.
With regard to the second part of this question, involving an expansion by city ordinance or by separate initiated ordinance, it must be initially noted that a change in the size of the board of directors is addressed under Section 4 of Act 907 as follows:
 A city affected by this Act may choose by ordinance, to increase or decrease the number of directors, provided that the board of directors, including the office of Mayor, shall always be an uneven number and shall never have less than five (5) members.
This section does not on its face appear to designate an ordinance of the board as the only means by which such a change may be effected. And it is well-established that the first rule in determining the meaning of a statute is to construe it just as it reads, giving words their ordinary and usually accepted meaning in common usage. BOLDEN v. WATT, 290 Ark. 343, 719 S.W.2d 428
(1986). In my opinion, therefore, the expansion could be accomplished by an initiated measure pursuant to Amendment 7 to the Arkansas Constitution. It must be recognized, however, that all measures initiated by the people "shall be submitted only at the regular elections." SEE Const. Ark. Amend. 7.
A response to Questions 2 and 3 is not necessary in light of the foregoing. We would point out, however, that the title to be used on the ballot for local measures must be submitted to the County Election Board "and shall by said board be placed upon the ballot in such . . . municipal election." Const. Ark. Amend. 7. The review of ballot titles and popular names by the Attorney General (A.C.A. 7-9-107) only extends to proposed amendments to the Arkansas Constitution and to acts "having general application throughout the state." SEE A.C.A. 7-9-101(1) (2). And, finally, in accordance with Amendment 7, the sufficiency of all local petitions is decided in the first instance by the county clerk or the city clerk, as the case may be, subject to review by the chancery court.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] Under Section 13 of Act 807, the ballot submitted at a special election in a city that has not yet adopted the management form of government MUST include the question of the number of directors.