The Honorable Bill Walters State Senator P O Box 280 Greenwood, AR 72936
Dear Senator Walters:
This is in response to your request for an opinion regarding A.C.A. 14-169-208 (Supp. 1989) which governs, inter alia, the method of appointing housing authority commissioners. Your question is whether the commissioners satisfy the appointment requirements where they resubmit the same name which had just been rejected by the city council in its previous meeting.
Pertinent to your inquiry is subsection (c)(2) of 14-169-208, with respect to the appointment of a successor to fill a vacancy. You state that the city council rejected the local housing authority's appointee, in accordance with 14-169-208(c)(2)(C)(ii), (Supp. 1989), which states:
 If the governing body rejects such appointment within forty-five calendar days after receiving written notice of the appointment, the commissioners shall within thirty (30) calendar days after receiving written notice of such rejection appoint another person to fill the vacancy.
According to your correspondence, the housing authority, within thirty days after receiving written notice of the rejection, submitted the same person's name again to fill the vacancy. The question is whether this was proper. You have also asked whether the city council has the authority to appoint a successor under this scenario.
The housing authority commissioners did not, in my opinion, "appoint another person to fill the vacancy", for purposes of14-169-208(c)(2)(C)(ii) (Supp. 1989) (emphasis added). The word "another", as defined in Webster's Seventh New Collegiate Dictionary 37 (1972), means "different or distinct from the one considered." Black's Law Dictionary 84 (5th ed.) defines it as "Additional. Distinct or different." And it is well-established that the first rule in determining the meaning of a statute is to construe it just as it reads, giving words, their ordinary and usually accepted meaning in common usage. See, e.g., Bolden v. Watt, 290 Ark. 343, 719 S.W.2d 428 (1986).
Having determined, in response to your first question, that the commissioners did not satisfy 14-169-208(c)(2)(C)(ii) by resubmitting the same name, the next inquiry is whether the city council may appoint a successor in this instance, when the thirty-day time limit as provided under this section has expired. It is my opinion that it may. Section 14-169-208(c)(2)(C)(iii) states:
 If the commissioners fail to make the appointment within the thirty-day period, the governing body shall appoint a successor (Emphasis added)
The language emphasized above reasonably relates to the requirement that commissioners appoint "another person." Since this appointment was not made, it may be successfully contended that the city council, as the governing body, has the authority to appoint a successor under this scenario, following expiration of the thirty-day period.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker. It should be noted that Acts 504 and 630 of 1989 rewrote subsection (c)(2)(B) of14-169-208 to provide for the housing authority commissioners' appointment of a successor "when the term of office of a commissioner expires or other vacancy occurs", subject to confirmation by the municipal or county governing body. Prior to the passage of these acts, this office had concluded that the mayor (where a city sets up the housing authority) has the authority to appoint a successor following the expiration of a commissioner's term of office. See Opinion No. 88-129. The law has, therefore, been amended in this regard.