The Honorable B.G. Hendrix State Representative 2215 So. 40th Street Fort Smith, AR 72903
Dear Representative Hendrix:
This is in response to your request for an opinion regarding A.C.A. 27-101-111 (Supp. 1989), which requires the State Treasurer to distribute to the counties a portion of the funds credited to the "Boating Safety Account" under A.C.A. 27-101-110 (Supp. 1989). Upon receipt of such funds, each county treasurer ". . . shall deposit them into the county treasury to the credit of the boating safety and enforcement fund, if the county sheriff of that county has established a patrol on the waterways within the county." A.C.A. 27-101-111(b) (Supp. 1989) (emphasis added).
Your question pertains to the provision emphasized above, in reference to a particular set of facts. You state in your correspondence:
 It is my understanding that our sheriff's department does not now own watercraft nor does it conduct routine waterway patrols, but is does respond on call using borrowed watercraft and has established a standard operating procedure for the waterways patrol. As soon as the sheriff's department is able to acquire the equipment, the routine waterways patrol will become operational. In order to implement the routine waterways patrol it is necessary that the sheriff's department receive the county's portion of the funds credited to the boating safety account.
Your question is whether the county sheriff's department is entitled under these circumstances to the county's portion of the funds distributed under A.C.A. 27-101-111, and if not, what action must be taken by the sheriff's department to become entitled to those funds.
The relevant inquiry under 27-101-111 is whether the county sheriff has established a "patrol on the waterways within the county." This office cannot provide a controlling definition of a term where the legislature has elected not to provide one. The first rule, however, in determining the meaning of a statute is to construe it just as it reads, giving words their ordinary and usually accepted meaning in common usage. Bolden v. Watt,290 Ark. 343, 719 S.W.2d 428 (1986). The general definition of the term "patrol" may therefore offer some guidance in construing27-101-111. "Patrol" is defined in Webster's Seventh New Collegiate Dictionary (1972) as:
 1a: the action of traversing a district or beat or of going the rounds along a chain of guards for the purpose of observation or of the maintenance of security
b: the person performing such an action
 c: a detachment of two or more men employed for reconnaissance, security, or combat. . . .
Webster's, at 618.
Subsection (c)(1) of 27-101-111 (Supp. 1989) should also be considered wherein it states:
 In the event the county sheriff has not established a patrol on the waterways within the county and if either the county or any city or town within a county, or both, has established an emergency rescue service, each county treasurer shall deposit his county's share of the total fees collected into the county emergency rescue fund. . . . [Emphasis added.]
It thus appears that a distinction is drawn under 27-101-111
between a waterways patrol and an emergency response service. While all of the particular circumstances must, of course, be considered, one might successfully contend under the facts outlined above that responding on call using borrowed watercraft is more analogous to an "emergency rescue service" than to a "patrol on the waterways."
It is therefore my opinion, based upon the facts supplied in your request, that the funds should not be deposited in this instance to the credit of the boating safety and enforcement fund. If the county has an emergency rescue service, the funds should be deposited into the county emergency rescue fund for distribution in accordance with 27-101-111 (c)(1) (Supp. 1989). Otherwise, subsection (c)(2) of 27-101-111 (Supp. 1989) requires that the fees be deposited into the Game Protection fund for use by the Arkansas Game and Fish Commission. A patrol on the waterways must be established by the sheriff, presumably with other county funds, before the boating safety and enforcement fund will be credited with the fees received under 27-101-111(a) (Supp. 1989).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.