The Honorable David R. Malone State Senator P.O. Box 1048 Fayetteville, AR 72701
Dear Senator Malone:
This is in response to your request for an opinion regarding A.C.A. 9-11-102, and specifically the provision concerning parental consent to the marriage of persons under the age of eighteen (18). Subsection (b) (2) states as follows with regard to the issuance of a marriage license to persons under 18:
 The consent of both parents of each contracting party shall be necessary before the marriage license can be issued by the clerk unless the parents have been divorced and custody of the child has been awarded to one of the parents exclusive of the other, or unless the custody of the child has been surrendered by one of the parents through abandonment or desertion, in which case the consent of the parent who has custody of the child shall be sufficient.
Your question in this regard is as follows:
 What does custody exclusive of the other mean? Does it mean custody which is not joint custody ? If a non-custodial parent has visitation rights (whether exercised or not) is his or her consent required? If he or she is ordered to pay child support (regardless of whether it is been paid or whether or not visitation rights have been awarded or exercised) is his or her consent required?
The first rule in construing the meaning of a statute is to construe it just as it reads, giving words their ordinary and usually accepted meaning in common usage. Bolden v. Watt,290 Ark. 343, 719 S.W.2d 428 (1986). In this instance, reference may reasonably be made to Webster's definition of the term "exclusive" which includes: "b: limiting or limited to possession, control, or use by a single individual or group." Webster's New Collegiate Dictionary 290 (1972). The plain meaning of 9-11-102 thus evidences legislative intent in favor of the sufficiency of the custodial parent's consent where the award of custody has been limited to that parent. This would, it seems, typically exclude the "joint custody" arrangement where both parents are granted custody. While the specific divorce decree would, of course, have to be considered in each instance, the consent of both parents would in all likelihood be required where custody was granted to the parents jointly.
The fact that the non-custodial parent has visitation, or has been ordered to pay child support, is not determinative under9-11-102. Rather, the inquiry must focus on the award of custody under the divorce decree. The consent of the noncustodial parent is not required where there has been an exclusive award of custody to the other parent.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General
SC:arb