The Honorable Irma Hunter Brown State Representative 1920 Summit Avenue Little Rock, AR 72202
Dear Representative Brown:
This is in response to your request for an opinion regarding Ark. Code Ann. 6-67-102(c)(2)(A) which states, in pertinent part, that "employees of any state department, state agency, or state institution shall be ineligible for membership on the [Board of Trustees of the University of Central Arkansas] during the time for which he was elected or appointed."
The question posed in this regard is whether an ad junct professor at the UALR School of Law is considered an employee for purposes of the above prohibition.
Our research has not yielded any case law authority on this question. As a general matter, however, from a statutory construction standpoint, legislative enactments are to be construed just as they read, giving words their ordinary and usually accepted meaning. Bolden v. Watt, 290 Ark. 343,719 S.W.2d 428 (1986). The term "employee" is defined in Black's Law Dictionary (5th ed. 1979) as "[a] person in the service of another under any contract of hire, express or implied, oral or written, where the employer has the power or right to control and direct the employee in the material details of how the work is to be performed." Black's at 471.
Reference may, in my opinion, reasonably be made to this definition in the absence of an applicable statutory definition. An "ad junct" professor would in all likelihood fall within this definition.[1] Of additional significance in this instance, however, is the fact that this is a "part-time employee" position under the Higher Education Expenditure Restriction Act. See A.C.A. 6-63-301 et seq; see also Acts 1989, No. 358, 2 (appropriation act for personal services and operating expenses of the University of Arkansas at Little Rock).
Additionally, we assume that if requested by the Legislative Council, the University would, in accordance with A.C.A.6-63-313, report the names of employees paid from academic positions authorized for the institution, presumably including the part-time professor position in question.
These factors compel the conclusion that this professor would in all likelihood be considered an employee for purposes of the prohibition contained in A.C.A. 6-67-102.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] The term "ad junct" is defined in Black's as "[s]omething added to another, but in a subordinate, auxiliary, or dependent position." Black's Law Dictionary 40 (5th ed. 1979).