The Honorable Bob "Sody" Arnold State Representative 324 Cherry Street Arkadelphia, Arkansas 71923
Dear Representative Arnold:
This is in response to your request for an opinion on the proper interpretation of a section of the "Arkansas Regulated Storage Tank Act", or ("ARSSTA") as you refer to it. That act regulates the storage of petroleum products in tanks and gives the Department of Pollution Control and Ecology (PCE) authority to enforce the act including the authority to issue rules and regulations pertaining thereto. Specifically, your inquiry involves A.C.A. 8-7-812 (Supp. 1989), which provides in pertinent part as follows:
 (a) This subchapter shall supersede and preempt all local government laws, ordinances, and regulations pertaining to underground storage tanks except for any applicable local building permit or fire code requirements pertaining to installation of underground tanks. [Emphasis added.]
You then note that your question regarding this provision involves a local ordinance which: 1) requires a permit from the local fire department prior to installation, removal, work or testing of underground tanks; 2) requires new underground storage tank installations to be submitted to the local fire department; 3) provides for permit fees on both installation and removal of underground storage tanks; 4) mandates double wall storage tanks and piping instead of single wall (as provided by state regulations);[1] 5) requires underground storage tanks to be leak tested at a time prior to that required by the state regulations; and 6) provides for fines and penalties for failure to meet these requirements.
Your question regarding this ordinance is whether these provisions are legitimate fire code requirements, or whether in fact they are actually duplicative and/or more stringent pollution prevention requirements, which the local government does not have authority to promulgate.[2]
We have not been provided with a copy of the ordinance in question, and you do not state whether the ordinance in issue is a city or county ordinance. It is clear, however, that cities and counties do not have the authority to regulate in the field of pollution control. See with regard to cities, A.C.A. 14-43-601 (a)(1)(J), and with respect to counties, Opinion Nos. 85-161 and 85-219. They do have the authority, however, to adopt local fire code requirements which are at least as stringent as the Arkansas Fire Prevention Code. See A.C.A. 14-43-602, A.C.A. 14-14-802(b)(2)(D)(iii), Section 304.2 of the Rules and Regulations for the Arkansas Fire Prevention Code, and Opinion No. 90-281, a copy of which is enclosed. It should be noted that the Arkansas Fire Prevention Code contains express provisions regulating underground tanks, (20.203), and local requirements may be more stringent than the provisions in that section. Section 8-7-812 of the Arkansas Code, set out earlier, provides that these local fire code requirements, if they pertain to the "installation of underground tanks", are not preempted by the Arkansas Regulated Storage Tank Act.
In my opinion, in order to answer your question, and to determine whether the provisions of the ordinance are valid and not preempted by state law, two steps of analysis must be undertaken. First, the statute which you cite, A.C.A. 8-7-812
states that local fire code requirements pertaining to "the installation of underground tanks" are not preempted by ARSSTA. The first determination to be made then, is whether the provisions of the ordinance pertain to the "installation" of underground tanks. If not, it appears that they will be preempted by the act. It may be argued then, that the provisions of the ordinance in question which require permits and fees for other than the "installation" of tanks are preempted. Additionally, the provision for "leak testing" at a time prior to that required by the state regulations appears not to pertain to the "installation" of the tank, and thus may be preempted. It is my opinion, however, that the provision requiring double wall construction probably does relate to the "installation" of underground tanks, and thus with respect to it, and other provisions of the ordinance which do pertain to the "installation" of underground tanks, the second part of the analysis must be considered.
The second step in determining whether the provisions of the ordinance are valid is to determine that they are, as you put it, legitimate fire code regulations, and not impermissible pollution control provisions. The resolution of this question will involve, in my opinion, a determination of whether the provisions of the ordinance are reasonably calculated to prevent and suppress the occurrence of fires. This determination is a factual one which this office is neither equipped nor empowered to answer. We are not in a position to judge, for example, whether double wall construction of underground tanks has the effect of suppressing or preventing fires. This is a determination for a factfinder (that is, a judge or jury) to make. Thus, we cannot, as a practical matter, answer fully the exact question you have presented. We hope, however, that the foregoing has been of help in addressing the issue.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
MARY STALLCUP Attorney General
MBS:arb
[1] See Pollution Control and Ecology Regulation No. 12.
[2] You note in your request that it is your understanding that it was the legislature's intention in enacting the ARSSTA to prevent the loss of a number of small businesses utilizing underground storage tanks. You note that the adoption of A.C.A. 8-7-812 occurred to keep local governments from enacting more stringent requirements and thereby thwart the legislature's effort to "strike a reasonable balance between environmental protection and the need to preserve our small businesses." We should note that we cannot on the face of the act discern any evidence of this legislative intent, and must in any event construe the language of the act just as it reads. Bolden v. Watt, 290 Ark. 343, 719 S.W.2d 428 (1986).