Mr. Kie D. Hall Executive Director Arkansas Public Employees Retirement System One Capitol Mall Little Rock, AR 72201-1015
Dear Mr. Hall:
This is in response to your request for an opinion concerning the definition of "law enforcement" for purposes of A.C.A. § 24-3-102 (Cum. Supp. 1991). You note that the law pertaining to the Public Employees Retirement System, in § 24-3-102, includes a definition of a public safety member.
Subsection 5 of § 24-3-102 (Cum. Supp. 1991) defines public safety member as follows:
 `Public safety member' means a member whose covered employment is for personal services as a police officer or fire fighter. `Police officer' means any regular or permanent employee, whose primary duty is law enforcement of a municipal police department, a county sheriff's office, or the Arkansas State Police, including probationary police officers, and shall also include wildlife officers of the Arkansas State Game and Fish Commission. The term `police officer' shall not include any civilian employee of a police department or any person temporarily employed as a police officer during an emergency. . . .
You state that certain questions have arisen regarding whether certain employees of police or sheriff departments perform duties that are primarily law enforcement; and because the term "law enforcement" is not defined in the law pertaining to the Public Employees Retirement System, you ask whether there is another definition that could be used by the System in making its determination. Your second question asks, if there is no precedential definition, is it within the legal authority of the Board of Trustees to define this term for its purposes.
As you have noted, a definition for "law enforcement" does not appear in the law pertaining to the Public Employees Retirement System. The authority of the Board of Trustees of the Arkansas Public Employees' Retirement System is set out in A.C.A. §§24-4-101 to 24-4-739. Although the board is vested with the final power to make determinations as to the periods of time to be credited members of the system pursuant to A.C.A. §24-4-514(b)(2) (Cum. Supp. 1991), it is my opinion that this section does not vest in the board the authority to define terms, and thus any attempt to do so by the board would fall outside its regulatory authority.
The Arkansas Supreme Court has stated that the first rule in construing the meaning of a statute is to construe it just as it reads, giving words their ordinary and usually accepted meaning in common usage. Bolden v. Watt, 290 Ark. 343, 719 S.W.2d 428
(1986). Although the term "law enforcement" is not specifically defined in Webster's Dictionary, the closely related term "peace officer" is defined as "an officer entrusted with maintaining law and order, as a sheriff, constable, or policeman. Webster's New World Dictionary 993 (3d College ed. 1988). Black's Law Dictionary 796 (5th ed. 1979) defines law enforcement officer as "[t]hose whose duty it is to preserve the peace." The term "law enforcement officer" also appears in other areas of the Arkansas Code. A.C.A. § 12-9-102(1) (Cum. Supp. 1991) defines "law enforcement officer" as any appointed law enforcement officer who is responsible for the prevention and detection of crime and the enforcement of the criminal, traffic, or highway laws of this state, excluding only those officers who are elected by a vote of the people. A.C.A. § 5-1-102(12) and A.C.A. §9-27-303(21) define "law enforcement officer" as any public servant vested by law with a duty to maintain public order or to make arrests for offenses. See also Commission on Law Enforcement Standards and Training Regulation 1001(9).[1]
It is my opinion that a court might reasonably look to these definitions in construing the meaning of the term "law enforcement." It is also my opinion that the board could reasonably look to these definitions in defining the term for its own purposes. If, however, the determination of what duties fall under those labeled "law enforcement" continues to be problematic, this may be a case where legislative clarification is indicated.
The foregoing opinion, which I hereby approve, was prepared by Assistant Deputy Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] A "law enforcement officer" is defined by Regulation 1001(9) as: any appointed law enforcement officer who is responsible for the prevention and detection of crime and the enforcement of the criminal, traffic, or highway laws of this state, excluding only those officers who are elected by a vote of the people. The definition does not apply to employees of organizations or state departments and other like agencies not primarily involved in law enforcement. The criteria to determine if a person is a law enforcement officer is that he or she: (a) is employed by a law enforcement unit; and (b) serves a law enforcement function for that unit; and (c) receives a salary authorized by that unit; or (d) is a legally appointed auxiliary officer.