The Honorable Jodie Mahony State Representative 406 Armstrong Building El Dorado, AR 71730
Dear Representative Mahony:
This is in response to your request for an opinion regarding the expungement of records of individuals convicted of crimes involving controlled substances who are sentenced to payment of a fine. Your questions will be restated and answered in the order posed.
 1. If a person is convicted of a controlled substance crime, and pays a fine, but does no time, is that person eligible for expungement by the court (as opposed to the Director of Alternative Services, the parole board or the governor)?
I will assume that your question refers to an individual who is convicted of a violation of the Uniform Controlled Substances Act, codified at A.C.A. §§ 5-64-101—1005 (1987 and Cum. Supp. 1991), and who is sentenced to payment of a fine only.[1]
That is, there was no sentence of imprisonment, suspended imposition of sentence, restitution or probation ordered. I will further assume under your question that the individual has fully satisfied the sentence by payment of the fine imposed, as the nonpayment of a fine may prevent expungement of the records.See Op. Att'y Gen. Nos. 91-437 and 91-247 (copies enclosed).
For the following reasons, it is my opinion that the answer to your question is "no."
As noted in Opinion No. 91-437, there must be legislative authorization for expungement of the records. The statutes currently providing for expungement of criminal records are A.C.A. §§ 16-90-601—605 (1987 and Cum. Supp. 1991), A.C.A. §§16-93-301—304 (1987), and A.C.A. §§ 16-93-501—510 (1987 and Cum. Supp. 1991).
Under A.C.A. §§ 16-90-601—605 (also known as Act 637 of 1977 or the Youthful Offender Act), in order to be eligible for expungement, an individual must have committed a felony while he was under the age of sixteen, been convicted and given a suspended sentence, and subsequently received a pardon for the conviction. See A.C.A. § 16-90-601 (1987). The individual in the hypothetical presented in your question would not be eligible for expungement under this section because it mandates a suspended imposition of sentence, rather than payment of a fine only.
A second option for expungement is available under § 16-90-602. To be eligible, an individual must have been convicted of a nonviolent felony while under the age of eighteen, incarcerated or have had his sentence suspended or have been placed on probation. He may petition the court to have the record expunged upon completion of the sentence or expiration of the suspension or probation. Again, however, because the individual in your hypothetical was sentenced to payment of a fine only, this option would not be available.
Under A.C.A. §§ 16-93-301—304 (also known as Act 346 of 1975 or the First Offender Act), in order to be eligible for expungement, an individual must have entered a plea of guilty or nolo contendere prior to an adjudication of guilt, been sentenced to probation for not less than one year, have no previous felony conviction, and have fulfilled the terms of his probation. See
A.C.A. 16-93-303(a)(1) and (b)(1) (1987). Again, the individual in your hypothetical would not be eligible for expungement under this section because probation is mandated, rather than payment of a fine only.
Under the third expungement statute, set out at A.C.A. §§16-93-501—510 (also known as Act 378 of 1975 or the Alternative Service Act), in order to be eligible for expungement, an individual must have been convicted of a felony other than a capital offense, first or second degree murder, rape, kidnapping or aggravated robbery, and must have no previous felony conviction;[2] his interests, along with those of the state, must be better served by diversion rather than sentencing; and he must have completed the sentence or probation imposed under this chapter.[3] See A.C.A. § 16-93-502(6)(A) (Cum. Supp. 1991). The available sentencing options under the chapter include suspended imposition of sentence, placement of the offender on probation, diversion into an alternative service program, and incarceration in the Department of Correction subject to transfer by the State Board of Parole and Community Rehabilitation to an alternative service program or immediate eligibility for pardon and parole. See A.C.A. §§ 16-93-507(b) and -502(1) (Cum. Supp. 1991). Because a sentence of some type other than payment of a fine is mandated under this act as well, it appears that the individual in your hypothetical would not be eligible for expungement under this section.
While we recognize that this appears to be an anomalous outcome, the above conclusions are based upon the plain meaning of the relevant Code sections. It is well-established that the first rule in interpreting a statute is to construe it just as it reads, giving words their usually accepted meaning. Bolden v.Watt, 290 Ark. 343, 719 S.W.2d 428 (1986). Legislative action will, therefore, in my opinion, be necessary in order to make the person in your scenario eligible for expungement.
 2. How much discretion does the judge have in this matter? Must the docket reflect the judge's reason for sentencing under one act as opposed to the other? Must the docket or record reflect the fact that the judge intends for the offender to be eligible for expungement?
The answer to your first question renders your second question moot.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SD:cyh
Enclosures
[1] The Controlled Substances Act authorizes a sentence of "imprisonment and/or a fine" only in certain circumstances. See
A.C.A. §§ 5-64-401(a)(1)(iv) (Cum. Supp. 1991).
[2] Even if the offender has one previous felony, he may still be eligible for sentencing under this act if he is under the age of 26. See A.C.A. § 16-93-502(6)(A) (Cum. Supp. 1991).
[3] Additionally, an individual sentenced under this section may not have been over the age of 18 and convicted of delivery of a controlled substance to a minor as prohibited by A.C.A. §5-64-701(a)(2). See A.C.A. § 16-93-502(6)(D) (Cum. Supp. 1991).