The Honorable Scott Hunter Prosecuting Attorney 630 South Main Jonesboro, AR 72401
Dear Mr. Hunter:
This is in response to Deputy Prosecuting Attorney Brent Davis' request for an opinion regarding the prosecution of criminal cases which are appealed from municipal to circuit court. You state that traditionally the deputy prosecuting attorney in Craighead County has been responsible for prosecuting misdemeanor violations in municipal court which have occurred in the county, but outside the municipal city limits. All traffic offenses and misdemeanor charges which occur within the city limits of Jonesboro and the surrounding cities in the county are prosecuted by the city attorney in municipal court.
You state that usually when the municipal court cases were appealed to circuit court, the city attorney prosecuted the appeal at the circuit court level. You report that recently, however, the city attorneys for Jonesboro and the surrounding municipalities have advised you that they would no longer prosecute city cases which were appealed from municipal to circuit court, and the prosecuting attorney's office is now handling those appeals. The position of these city attorneys is that they are declining to accept the prosecuting attorney's grant of authority to prosecute the municipal appeals in circuit court. Your question is as follows:
 Does a prosecutor for a municipality which accepts the responsibility for prosecuting misdemeanor cases in municipal court have the authority to refuse to prosecute those same cases once they are appealed to circuit court?
Arkansas Code Annotated § 16-21-103 sets out the initial proposition that prosecuting attorneys are to prosecute all criminal actions in which the state or any county in their district may be concerned. With regard to the issue of appeals of criminal cases, an Attorney General's opinion from a prior administration concluded that because there is apparently no statutory authority for city attorneys to prosecute in circuit court, the duty to prosecute misdemeanor appeals of violations of state laws would fall upon the prosecuting attorneys. Without further explanation, however, the opinion went on to state that such would not be the case "if in fact the appeals were for convictions of violations of city ordinances." See Op. Att'y Gen. 85-72. While A.C.A. § 16-21-115 allows a prosecuting attorney to designate the city attorney to prosecute in the name of the state in municipal or other corporation courts for violations of state misdemeanor laws which occur within the limits of the municipality, the city attorney must agree to such an appointment. There appears to be no similar provision with regard to prosecutions by city attorneys in circuit court.
While these statutory provisions leave the issue unclear, we are compelled to conclude that, in the absence of judicial or legislative indication to the contrary, there is currently no statutory authority for city attorneys to prosecute in circuit court. This conclusion is based upon the plain meaning of the relevant Code sections. It is well-established that the first rule in interpreting a statute is to construe it just as it reads, giving words their usually accepted meaning. Bolden v.Watt, 290 Ark. 343, 719 S.W.2d 428 (1986). Accordingly, it is my opinion that a city attorney may refuse to prosecute misdemeanor cases which are appealed to circuit court. If this issue continues to be problematic, this may be a case where legislative clarification is indicated.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh