The Honorable Dan Harmon Prosecuting Attorney 7th Judicial District 102 South Main, P.O. Box 999 Benton, Arkansas 72015
Dear Mr. Harmon:
This is in response to your request for an opinion regarding A.C.A. § 27-101-111 (Cum. Supp. 1991). This section governs the distribution of funds arising from fees collected from the registration of watercraft. In counties in which the sheriff has not established a water patrol, but in which the county or a city therein has established an "emergency rescue service," the monies are to be credited to the county emergency rescue fund, to be divided equally between the county and the cities having "emergency rescue services." You have asked for an opinion upon the meaning of the term "emergency rescue services," and inquire specifically whether this term would include volunteer fire services, volunteer emergency medical technician services, or whether the term envisions the providing of full ambulance and transport services.
This office cannot provide a controlling definition of a term where the legislature has elected not to provide one. See Op. Att'y Gen. No. 90-215 (copy enclosed). In addition, I have found no helpful case law from this or any other jurisdiction which defines this term. The first rule, however, in determining the meaning of a statute is to construe it just as it reads, giving words their ordinary and usually accepted meaning in common usage. Bolden v. Watt, 290 Ark. 343, 719 S.W.2d 428 (1986). In my opinion A.C.A. § 27-101-111 refers to "emergency rescue services" established by either a city or county; that is, created by some action of the local government and maintained as a public service. This would, of course, exclude any services provided by private entities, including nonprofit corporations or associations. Beyond this qualification, it appears that without judicial clarification, the term "emergency rescue services" is not susceptible to a clear definition.[1]
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure
[1] See however, A.C.A. § 20-13-209(5) and (6) (1987), requiring permits and licenses for "advanced life support rescue services," and "emergency medical services" respectively. It is unclear, however, whether the requirement of a permit or license could, or should, be used as a criteria for the distribution of funds under A.C.A. § 27-101-111.