The Honorable Cliff Hoofman State Senator P.O. Box 1038 North Little Rock, AR 72115
Dear Senator Hoofman:
This is in response to your request for an opinion on the following question regarding Section 3 of Act 862 of 1993:
 Does the Act allow school districts to become self-insured as an individual district (of course, this assumes the district would be large enough to meet all of the other requirements)?
In my opinion, the answer to your question is "no."
Act 862 of 1993 requires all school districts to provide workers' compensation coverage for their employees. Section 3 of the Act, codified at A.C.A. §§ 6-17-1413 (Cum. Supp. 1993), provides, in pertinent part:
 (a) School districts may provide workers' compensation coverage either through private carriers, municipal self-funding groups, or one (1) or more self-funding groups.
 (b) Self-funding groups established for this purpose shall meet the following requirements:
 (1) Any such group established to provide such coverage to school districts only shall offer coverage to any school district in the state that applies for such coverage;
 (2) Any group established to provide workers' compensation coverage to school districts shall offer such coverage at rates established by the National Council of Compensation Insurance and approved by the State Insurance Department. Premiums for school districts participating in any such group shall be revised annually based on the loss experience of the particular school district or group of school districts; and
 (3) Any self-funding group of participating school districts shall be subject to the regulations of the Workers' Compensation Commission applicable to self-insured groups or providers. However, school districts shall not be required to enter into an indemnity agreement binding them jointly and severally. . . .
The above-quoted language does not, in my opinion, authorize a school district to become self-insured individually. It authorizes school districts to become self-insured by participating in a self-funding group. Construing the plain language of the Act and giving words their ordinary and usually accepted meaning in common usage, which I am required to do,Bolden v. Watt, 290 Ark. 343, 719 S.W.2d 428 (1986), I must conclude that the legislature's use of the word "group" therein implies participation by more than one entity. Had the legislature intended to permit school districts to become self-insured individually for workers' compensation purposes, it could and apparently would have so provided. Cf. A.C.A. §§14-60-101 to -105 (1987 and Cum. Supp. 1993) (similar provisions requiring municipalities to provide workers' compensation coverage for their employees, but specifically authorizing municipalities with populations over seventy thousand (70,000) to provide workers' compensation coverage to their employees by becoming self-insured on an individual basis).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh