The Honorable Jerry Hunton State Representative 14221 Greasy Valley Road Prairie Grove, Arkansas 72753
Dear Representative Hunton:
This is in response to your request for an opinion regarding Act 51 of the Second Extraordinary Session of 1994, which pertains to corporal punishment and which amends A.C.A. §§ 6-18-503,6-18-505, 6-15-806 and adds A.C.A. § 6-17-112 as a new section to the Arkansas Code. You have asked the following specific questions with regard to Act 51:
 1. Under Act 51 of the Second Extraordinary Session of 1994, can a school vice-principal or principal administer corporal punishment when the witness to the punishment is a teacher or other certified employee of that school district and all other requirements of that school district's discipline policy are met?
 2. Can a teacher administer corporal punishment if witnessed by an administrator employed by that school district and allowed under that school district's discipline policy? (The district's policy must clearly state that a teacher may administer corporal punishment as long as an administrator is present.)
I assume that your questions pertain, specifically, to Sections 1 and 2 of Act 51.[1] Section 1 amends subparagraph (c) of A.C.A. § 6-18-505 and provides in pertinent part:
 (c) Any teacher or school administrator in a school district that authorizes use of corporal punishment in the district's written student discipline policy may use corporal punishment, provided only that the punishment is administered in accord with the district's written student discipline policy, against any pupil in order to maintain discipline and order within the public schools.[2]
Section 2 amends A.C.A. § 6-18-503 to contain the following provision:
 (b) A school district that authorizes use of corporal punishment in its discipline policy shall include provisions for administration of the punishment, including that it be administered only for cause, be reasonable, follow warnings that the misbehavior will not be tolerated, and be administered only in the presence of a school administrator. [Emphasis added.]
In my opinion, the answer to your first question is "no," and the answer to your second question is "yes."
The first rule in construing the meaning of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common usage. Bolden v. Watt,290 Ark. 343, 719 S.W.2d 428 (1986). Section 1, by referring to "any teacher or school administrator" (emphasis added), contemplates that either of such school personnel can administer corporal punishment. Section 2, however, explicitly provides that such punishment is to be administered "only in the presence of aschool administrator." (Emphasis added.) The Arkansas statutes pertaining to education make a clear distinction between "teachers" and "administrators" in a number of areas, most significantly with regard to licensure requirements and job responsibilities. See A.C.A. §§ 6-15-1005, 6-17-302, and6-17-602. Section 2, as it reads, would thus preclude administration of the punishment in the presence of anyone other than one licensed as an administrator.[3]
The situation posed by your second question is, however, allowed under the Act, in that corporal punishment may be rendered by either a teacher or school administrator if witnessed by an administrator employed with the particular school district.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sarah L. James.
Sincerely,
WINSTON BRYANT Attorney General
WB:SLJ/cyh
[1] Sections 3 and 4 of Act 51 of the Second Extraordinary Session of 1994, amending A.C.A. § 6-15-806 and adding A.C.A. §6-17-112, respectively, grant teachers and administrators immunity from civil liability for administering corporal punishment and amend the annual school report card to include a section for a corporal punishment rate broken down according to the criteria of sex, race, age, special education or regular classes, type of offense and number of offenses. These are not the relevant provisions of Act 51 with respect to your question.
[2] Prior to the amendment, subparagraph (c) of A.C.A. §6-18-505 read as follows: "Any teacher or school principal may use corporal punishment in a reasonable manner against any pupil for good cause in order to maintain discipline and order within the public schools."
[3] Although Section 5 of Act 51 provides a definition for "teachers" and "administrators," it appears simply to differentiate those persons from other school employees or persons and does not alter the separate distinctions conferred by the above-mentioned statutes. Section 5 reads: "As used in this act, `teachers' and `administrators' means those persons employed by a school district and required to have a state-issued certificate as a condition of their employment."