The Honorable James M. Holland State Representative Route 1 Knobel, Arkansas 72435
Dear Representative Holland:
This is in response to your request for an opinion concerning the application deadline for non-contributory retirement. I have rephrased your question as follows:
 If an application for non-contributory retirement is received by 7:00 a.m. on December 2, 1994, and the date of retirement is January 1, 1995, would the application have been received within the required statutory deadline?
It is my opinion, based on the facts presented, that the answer to your question is "yes."
Although this office has opined, in a previous opinion, that the Arkansas Public Employees' Retirement System has discretionary authority to determine the timeliness of applications and to promulgate appropriate rules and regulations to carry out this authority (see Op. Att'y Gen.88-080), it does not appear that there are any current rules or regulations which would govern in this instance or which would take precedence over statutory authority.[1]
Arkansas Code Annotated § 24-3-201(a)(1) (Supp. 1993) provides uniform benefit specifications for members of the Public Employees' Retirement System and states in pertinent part:
 Any member in named plan employment may retire with an annuity provided for in subsection (e) of this section upon his written application to the governing body of his named plan setting forth at what time, not less than thirty (30) days nor more than ninety (90) days subsequent to the execution and filing of his application, he desires to be retired.
"Named plan" is defined as any retirement plan covering Arkansas public employees and which applies to members of the Arkansas Public Employees' Retirement System and the Arkansas State Police Retirement System. A.C.A. §§ 24-3-102(3) and 24-3-214(a). The identical time frame for filing applications also appears in A.C.A. § 24-4-508(a), which governs the voluntary retirement of members and eligibility for benefits in general. Assuming, therefore, that the applicant at issue is a member of the state retirement system, the above deadline should apply regardless of his or her named plan.
The first rule in construing the meaning of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common usage. Bolden v. Watt, 290 Ark. 343, 719 S.W.2d 428
(1986). In accordance with the statute, the applicant must specify the desired date of retirement on the application by "setting forth at what time . . . he desires to be retired." Such date must be "not less than thirty (30) days . . . subsequent to the execution and filing of his application. . . ." Reference to the number of "days subsequent" to the execution and filing of the application indicates, in my opinion, that the legislature intended for the thirty-day minimum period to commence on the day following the date the application was filed. Thirty days subsequent to December 2, 1994, would therefore commence on December 3, 1994, and end on January 1, 1995. Thus, assuming there are no other relevant facts, if the applicant indicated on the application that the desired retirement date was January 1, 1995, and the application was received by the Public Employees' Retirement System Board by December 2, 1994, it is my opinion that the application would have been timely filed.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sarah L. James.
Sincerely,
WINSTON BRYANT Attorney General
WB/SLJ:cyh
[1] It was also concluded in Op. Att'y Gen. 88-080 that under a similar statutory deadline, an application, in order to be timely, must be filed by December 1. To the extent that opinion is in conflict with the conclusion herein, it is superseded.