Mr. Carroll Dunn, Chairman Arkansas Board of Private Investigators and Private Security Agencies c/o Sgt. Bill Eddins Arkansas State Police Hdqrtrs, Room 131 P.O. Box 5901 Little Rock, Arkansas 72215
Dear Mr. Dunn:
This is in response to your request for an opinion on whether a county or municipality may be issued a license to operate as an alarm systems company as defined in A.C.A. § 17-33-102(6) (Repl. 1992) to provide monitoring service for a fee, or whether the issuance of such a license to a local government is prohibited by A.C.A. § 17-33-301(e) (Repl. 1992).
Arkansas Code Annotated § 17-33-102(6) defines "alarm systems company" as:
 any person, firm, association, or corporation which for a fee or other valuable consideration installs, services, performs a survey of the premises to be protected, monitors, or responds to electrical, electronic, or mechanical alarm signal devices, burglar alarms, television cameras or still cameras used to manually or automatically signal or detect burglary, fire, breaking or entering, shoplifting, pilferage, theft or hold-up.
Arkansas Code Annotated § 17-33-301(e) provides:
 It shall be unlawful and punishable as provided in § 17-33-104 for any state, county, or municipal government, or political subdivision of either, to install, service, maintain, operate, sell, or lease as lessor any burglar alarm system, fire alarm system, or other electronic security system on private property if a private contractor licensed to do business within the county or municipality offers such systems or services to the public within such county or municipality. The provisions of this section shall not prohibit a county or municipal government from installing, servicing, maintaining, or operating a burglar alarm system or fire alarm system on any property owned or leased by such county or municipal government.
Your request indicates that Pope County, or an instrumentality thereof, currently holds a Class F license as an alarm systems company under A.C.A. § 17-33-309(b)(6) (Repl. 1992)[1] and, pursuant to that license, monitors alarm systems for a fee.
It is obvious that the monitoring of alarm systems does not itself constitute the installation, sale, or lease of such systems within the meaning of A.C.A. § 17-33-301(e). The essence of your question therefore appears to be whether such monitoring constitutes the servicing, maintenance, or operation of alarm systems and is therefore prohibited by A.C.A. § 17-33-301(e).
The first rule of statutory construction is to construe a statute just as it reads, giving words their ordinary and usually accepted meanings in common usage. Bolden v. Watt, 290 Ark. 343, 719 S.W.2d 428 (1986). Unless a different legislative intent is indicated, a court must not resort to a subtle or strained construction for the purpose of restricting or expanding the meaning of a statute. Thompson v. Younts, 282 Ark. 524,669 S.W.2d 471 (1988).
In my view, the word "monitor" connotes passive observation of a thing or state of affairs, while the words "service," "maintain," and "operate" all imply active manipulation of an object or system. It is thus my opinion that nothing in A.C.A. § 17-33-301(e) prohibits a county or municipality from being licensed as an alarm systems company to engage in the passive monitoring of alarm systems. Whether a particular course of dealing will constitute passive monitoring, or whether it will amount to servicing, maintenance, or operation, is a question of fact that the Board, with its knowledge of alarm systems and the security industry, is uniquely well equipped to answer.
Finally, it might be noted that nothing in the Private Investigators and Private Security Agencies Act, A.C.A. §§ 17-33-101 to -353 (Rep. 1992 and Supp. 1993), affirmatively authorizes counties or cities to engage in alarm systems monitoring. It appears, however, that counties and cities of the first class have ample general statutory authority to engage in such activity. See A.C.A. § 14-14-802(b)(1) (authorizing counties to "provide through ordinance for the establishment of any service or performance of any function not expressly prohibited by the Arkansas Constitution or by law") and A.C.A. § 14-43-602 (authorizing cities of the first class "to perform any function and exercise full legislative power in any and all matters of whatsoever nature pertaining to [their] municipal affairs"). I have previously opined that state law does not prohibit a city from providing services or engaging in activities in competition with businesses within the city provided the services or activities are properly within the city's power and authority. See Op. Att'y Gen. 93-237. In my opinion, the same is true with respect to counties.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] It would appear improper for anyone other than a natural person to hold a Class F license. Arkansas Code Annotated § 17-33-309(b)(6) indicates that a Class F license is for "[a] single individual operating as an alarm systems company. . . ."