The Honorable Jimmy Jeffress State Senator Post Office Box 904 Crossett, AR 71635-0904
Dear Senator Jeffress:
I am writing in response to your request for an opinion concerning a bequest to two Arkansas public school districts. Specifically, you state the following facts and pose the following questions:
The Crossett and Hamburg School Districts are named in the will of a Colorado resident named A. B. Chapman. Mr. Chapman left to be divided between the two districts an estate of approximately $1.2 million consisting of cash and investments in stocks and bonds. Mr. Chapman's will states that the funds are given to the districts as an endowed fund for scholarships for students of the two districts. Both districts request an Attorney General's Opinion on the following questions as to the handling of these funds:
Can the funds be initially received in the form of cash and stocks and bonds and initially held as such by a financial institution licensed to do so?
Are these funds considered public funds under Arkansas Code or may they be treated as an endowment fund and invested outside the restraints placed on public funds?
Can the stocks and bonds received remain as such or must they be converted to cash and invested as public funds?
Must the districts invest the cash portion of the bequeath as public funds or do the districts have other investment options?
~ RESPONSE
Although I have not seen the applicable gift instrument, it appears that this bequest to the school districts may be held as an "endowment fund" under the Uniform Management of Institutional Funds Act (UMIFA), codified at A.C.A. §§ 28-69-601-611 (Repl. 2004). If I am correct in this regard, the answers to your questions concerning disposition and investment are clear, in my opinion. The districts are not required to deposit or invest such a fund as "public funds" under the Code, and there is no requirement that the stocks and bonds be converted to cash. If, on the other hand, UMIFA is inapplicable to this particular bequest for some reason I am unaware of, then in my opinion the cash in the endowment fund constitutes "public funds" under the Code, and must be deposited and invested accordingly. The stocks and bonds also constitute "public funds" in that event, to be deposited accordingly, in my opinion. As for whether such securities must be converted to cash, having found no statutory directive to this effect, the answer is probably "no," in my opinion.
An "endowment fund" under UMIFA is "an institutional fund, or any part thereof, not wholly expendable by the institution on a current basis under the terms of the applicable gift instrument." Id. at-602(3). For a full understanding of what constitutes an "endowment fund" under this uniform act,[1] it is necessary to review several other definitions. First, a "gift instrument" means:
 a will, deed, grant, conveyance, agreement, memorandum, writing, or other governing document (including the terms of any institutional solicitations from which an institutional fund resulted) under which property is transferred to or held by an institution as an institutional fund.
A.C.A. § 28-69-602(5).
An "institutional fund" is:
 a fund held by an institution for its exclusive use, benefit, or purposes, but does not include (i) a fund held for an institution by a trustee that is not an institution or (ii) a fund in which a beneficiary that is not an institution has an interest, other than possible rights that could arise upon violation or failure of the purposes of the fund[.]
Id. at (2).
The term "institution" is defined in turn as:
 . . . an incorporated or unincorporated organization organized and operated exclusively for educational, religious, charitable, or other eleemosynary purposes, or a governmental organization, including, without limitation, a public institution of higher education, to the extent that it holds funds exclusively for any of these purposes[.]
Id. at (1) (emphasis added).
The Commentaries to these definitions observe that UMIFA "applies to a governmental organization to the extent that the organization holds funds for the listed purposes, e.g., a public school which has an endowment fund." Commentaries to Arkansas Code Titles 5-28, Vol. B (Repl. 1995) at 532. It is thus clear that a school district can be an "institution" that holds an "institutional fund," and more specifically an "endowment fund," under UMIFA. Again, to reiterate, an "endowment fund" is an "institutional fund" that is "not wholly expendable by the institution on a current basis. . . ." The bequest under Mr. Chapman's will appears to meet the latter part of the definition, in that it is to be held for scholarships. To qualify as an "institutional fund," the fund must be held by the institution "for its exclusive use, benefit, or purposes." A.C.A. § 28-69-602(2), supra. In this regard, the Commentaries explain that the placing of a restriction on the use of a gift or bequest to an institution does not mean that the gift or bequest is not for the "exclusive use, benefit or purposes" of the institution, provided the appointed use is one that is within the institution's lawful purposes. The Commentaries state that "[t]he `use, benefit or purposes' of an institution broadly encompasses all of the activities permitted by its charter or other source of authority." Commentaries, supra, at 532. Accord Yale University v. Blumenthal, 225 Conn. 32, 40,621 A.2d 1304 (1993) (concluding from the drafters' comments on UMIFA, and a plain reading of the Connecticut statute identical to A.C.A. § 28-69-602(2), that "a fund bequeathed to an institution, for the ultimate benefit of an inchoate group or class, through the medium of the institution, is held by the institution for its `exclusive use, benefit or purposes' . . . and therefore is an institutional fund.") Moreover, the Commentaries note that "[a] fund to provide scholarships for students or medical care for indigent patients is held by the school or hospital for the institution's purposes." Id. See also Op. Att'y Gen. No. 91-315 (opining that a school district in all likelihood may expend funds for the awarding of scholarships to graduating valedictorians and salutatorians.)
Based on the foregoing, therefore, it seems likely that the property transferred to the school districts under Mr. Chapman's will is held by the districts as an "endowment fund" under UMIFA. The districts should consult local counsel for a definitive determination regarding UMIFA. Assuming the applicability of this act, however, your questions can be answered by noting that subject to any specific limitations in the gift instrument, the body responsible for managing such an "endowment fund" — each school district's board of directors in this instance — has broad powers of investment with respect to the fund, to be exercised with "ordinary care and prudence. . . ." Id. at-605 and 607. See also Commentaries to Arkansas Code Titles 5-28, Vol. B (Repl. 1995) at 534. More specific to your particular questions, the districts in my opinion are not required to invest such a fund as "public funds" under the Code, and there is no requirement that the stocks and bonds be converted to cash. These conclusions follow from the following broad investment authority under A.C.A. § 28-69-605:
In addition to an investment otherwise authorized by law or by the applicable gift instrument, and without restriction to investments a fiduciary may make, the governing board, subject to any specific limitations set forth in the applicable gift instrument or in the applicable law other than law relating to investments by a fiduciary, may:
 (1) invest and reinvest an institutional fund in any real or personal property deemed advisable by the governing board, whether or not it produces a current return, including mortgages, stocks, bonds, debentures, and other securities of profit or nonprofit corporations, shares in or obligations of associations, partnerships, or individuals, or obligations of any government or subdivision or instrumentality thereof;
 (2) retain property contributed by a donor to an institutional fund for as long as the governing board deems advisable;
 (3) include all or any part of an institutional fund in any pooled or common fund maintained by the institution; and
 (4) invest all or any part of an institutional fund in any other pooled or common fund available for investment, including shares or interests in regulated investment companies, mutual funds, common trust funds, investment partnerships, real estate investment trusts, or similar organizations in which funds are commingled and investment determinations are made by persons other than the governing board.
(Emphasis added).
If for some reason UMIFA is inapplicable, on the other hand, then in my opinion the cash and stocks and bonds that have been bequeathed to the school districts constitute "public funds" under the Arkansas Code chapter captioned "Depositories for Public Funds," A.C.A. §§ 19-8-101
— 107 (Repl. 1998 and Supp. 2007). Subsection 19-8-104 (Repl. 1998) generally requires that "public funds . . . shall be deposited in banks located in the State of Arkansas." But see A.C.A. § 18-8-111 (Supp. 2007) (additional authority for investment of public funds through an eligible bank). Subsection 19-8-101 defines "public funds" or "funds" as "any and all kinds of funds handled by treasurers, collectors, commissioners, sheriffs, and clerks." The term "funds" is not separately defined. But in common usage, the plural of "fund" means "money and much more, such as notes, bills, checks, drafts, stocks and bonds. . . ." Black's Law Dictionary 606 (5th ed. 1979). Guided by common usage, therefore, consistent with established rules of statutory construction, see Bolden v. Watt, 290 Ark. 343, 719 S.W.2d 428 (1986), I conclude that in the event UMIFA is inapplicable, the cash, as well as the stocks and bonds, must be deposited in accordance with A.C.A. § 19-8-101 et seq.
Additionally, the cash in my opinion must be invested as "funds of [the ]school district" under comparatively limited statutory authority, if UMIFA is inapplicable. See A.C.A. § 19-1-504(b) (Supp. 2007) (authorizing school districts to invest in general obligation bonds of the United States, in bonds, notes, debentures, or other obligations issued by an agency of the United States Government, in general obligation bonds of the State of Arkansas, or in bank certificates of deposit.) See also A.C.A. § 19-301-310 (Repl. 1998) (the Local Government Joint Investment Trust Act, authorizing any ten or more local governments, including school districts, to create a trust for joint investment of their assets in certain specified types of investment vehicles.)
As for whether the stocks and bonds must be converted to cash, I have found no clear authority on that issue. In the absence of a statutory directive to that effect, however, I believe the answer is probably "no." As stated above, absent UMIFA, the stocks and bonds in my opinion must be deposited in accordance with the Code chapter governing depositories for public funds. But I have found no requirement that such assets be converted to cash.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely, DUSTIN McDANIEL Attorney General
[1] Arkansas adopted UMIFA in 1992. See Acts 1992, No. 70 (1st Ex. Sess.). It is to be "applied and construed as to effectuate its general purpose to make uniform the law with respect to [its] subject among the states which enact it." Id. at § 9 (A.C.A. § 28-69-609).